**Daena April GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 368–89, 369–89.**

Court of Criminal Appeals of Texas.

Nov. 28, 1990.

---

Julie B. Pollock, San Antonio, for appellant.

Fred G. Rodriguez, Dist. Atty., Chris De Martino, Barbara Hervey, Asst. Dist. Attys., San Antonio, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant filed a pre-trial motion to suppress alleging a search warrant was executed in an untimely manner and the warrant affidavit failed to establish probable cause for issuance of the warrant. The motion was subsequently overruled. Preserving the right to appeal the trial court's ruling on the motion, appellant was convicted on her plea of "no contest" for the offenses of possession of amphetamine and possession of marijuana and sentenced pursuant to a plea agreement to concurrent terms of ten years in the state penitentiary with a fine of $250.00 assessed on each offense. Sentences and fines were suspended and appellant was placed on probation. On direct appeal a panel of the Fourth Court of Appeals, with one Justice concurring, found the underlying affidavit contained sufficient supporting facts so as to constitute probable cause, but concluded that conflicting dates on the face of the affidavit and warrant indicating the latter instrument was filed before the supporting document was sworn out by the complainant, necessitated a holding that the warrant was stale when executed and the subsequent seizure invalid. *Green v. State*, 765 S.W.2d 887 (Tex.App.—San Antonio 1989). In so holding, the court below rejected the State's contention that the conflicting dates were the product of clerical error. This Court granted the State's Petition for Discretionary Review to determine the correctness of that decision. TEX.R. APP.P. 200(c)(6). After further review, we will affirm.

The face of the search warrant reflects a notation it was signed and issued by the magistrate on March 20, 1987. The return on the warrant recites it was executed on March 25, 1987. Facially, then, the warrant violates the requirements of Art. 18.-07, V.A.C.C.P., which provides a warrant shall be executed within a time frame of three days, exclusive of the day of issuance and day of execution.[1] This is the crux of appellant's argument which was rejected by the trial court but accepted by the Court of Appeals.

The two objectives of the law concerning search warrants are to ensure there is adequate probable cause to search and to prevent a mistaken execution of the warrant against an innocent third party. *Bridges v. State*, 574 S.W.2d 560 (Tex.Cr. App.1978). These objectives are not furthered by rigid application of the rules concerning warrants; as this Court has previously stated, "(We) are convinced that the rights of society and of the innocent third party can best be protected by evaluating each search warrant individually." *Id.* at 562. Just as we will evaluate the encompassing issue of probable cause by measuring the factual sufficiency of an affidavit and warrant by the "Totality of Circumstances" test enunciated in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), so do we review technical discrepancies with a judicious eye for the procedural aspects surrounding issuance and execution of the warrant. To do otherwise would defeat the purpose be-

1. The controlling statutes are Arts. 18.06 and 18.07, V.A.C.C.P., which read in pertinent part as follows:

   Art. 18.06. Execution of Warrants
   (a) A peace officer to whom a search warrant is delivered shall execute it without delay and forthwith return it to the proper magistrate. It must be executed within three days from the time of its issuance, and shall be executed within a shorter period if so directed in the warrant by the magistrate.

   Art. 18.07. Days Allowed for Warrant to Run
   The time allowed for the execution of a search warrant shall be three whole days, exclusive of the day of its issuance and of the day of its execution. The magistrate issuing a search warrant under the provisions of this chapter shall endorse on such search warrant the date and hour of the issuance of the same.

hind the warrant requirement, and provide protection for those to whom the issue on appeal is not one based upon the substantive issue of probable cause but of technical default by the State.

In reaching its decision, the Court of Appeals concluded the State had failed to demonstrate why the conflicting dates were the result of technical, or clerical error:

> The State argues that courts must interpret affidavits and warrants in a common sense and realistic fashion. *Faulkner v. State*, 537 S.W.2d 742 (Tex.Crim.App. 1976) (holding that court must use common sense in interpreting warrant containing grammatical error). We agree. However, there is no reason, other than a, perhaps, laudable desire to affirm, to conclude under the guise of 'common sense' that the March 20 date, rather than the March 25 date, is a mistake. To do so would be to change the issuance date solely to make the seizure valid under the warrant. *See Swanson v. State, supra.*
>
> The record reveals no evidence which indicates the March 20 issuance date is in error. We conclude that the warrant was stale when executed and the seizure was invalid.

*Green v. State*, 765 S.W.2d at 888. Because the court below saw "no evidence" to explain the error, it relied upon this Court's decision in *Swanson v. State*, 113 Tex. Crim. 104, 18 S.W.2d 1082 (1929), to conclude the warrant was invalid as "stale."

In *Swanson*, the appellant was convicted of transporting intoxicating liquor and sentenced to serve a year in the penitentiary. On appeal, he argued the warrant under which he was arrested was invalid because it had been issued some seven days before it was executed. Concluding on original submission that the officers had probable

cause to search the vehicle without a warrant,[2] the Court nevertheless held the warrant invalid. Judge Lattimore wrote:

> From the evidence heard it appears that on November 16th the officer who had said warrant, under permission of the issuing magistrate, changed the date of issuance thereof from November 10th to November 16th, and at the same time and with the same permission, he inserted in the affidavit matters further descriptive of the automobile alleged to belong to appellant. Article 317, Code Cr. Proc. 1925, plainly and positively says of a search warrant that it *must* be executed within three days from date of issuance, and this mandate of the statute was embodied and made part of the warrant in this case. Three full days after date of issuance on November 10th, 1928[3], said warrant became functus officio, and we perceive no way by which life could be injected into it thereafter. * * * Under the facts before us in this case, we must hold the warrant invalid, and the search, insofar as its legality depended on the warrant, to be also unauthorized.

*Swanson v. State*, 18 S.W.2d at 1082. Just as old Art. 317 specifically required execution of a warrant within three days of issuance, so too has this restriction been carried forward in Chapter 18.

In the concurring opinion below, Justice Chapa revisited two cases from this Court in which similar claims to that of appellant were raised. The jurat in *Martinez v. State*, 162 Tex.Crim. 356, 285 S.W.2d 221 (1955), recited the affidavit was sworn to before a magistrate on December 13, 1955, whereas it was in fact sworn to on January 13, 1955, the same day the warrant issued. The Court rejected the appellant's claim of an invalid warrant:

> Evidence was heard by the court in the absence of the jury as to the issuance of

**2.** On rehearing, the Court was less sure of the officers' basis for searching the car. The case was reversed and remanded for another trial, where the matter could "be more fully developed."

**3.** The opinion compounds the confusion by reciting within the same paragraph two different

dates the warrant was issued: November 10, 1927 and November 10, 1928. Given the nature of direct appeals at the time, we would hazard to assert the latter as the correct date. In any event, it was the discrepancy of a week rather than a year which formed the basis of the appeal.

the search warrant. A part of such evidence consisted of the testimony of the magistrate who issued the warrant.

\* \* \* \* \* \*

It was the testimony of the magistrate that the word December was a clerical error on the part of the person who prepared the instrument, and that in fact the affiants appeared before him, signed the affidavit and swore to it on January 13, 1955.

In view of this testimony, which is undisputed, the error is not such as. would vitiate the warrant.

*Martinez v. State*, 285 S.W.2d at 222.

Citing *Martinez*, Judge Odom, writing for the Court in *Lyons v. State*, 503 S.W.2d 254 (Tex.Cr.App.1973), confronted a documentary inconsistency like the one at bar. Lyons contended the trial court erred in admitting into evidence certain fruits of a search conducted under warrant authority because the warrant was dated March 11, 1971, whereas the affidavit for the search warrant was dated July 11, 1971, with the search being conducted on that date. As in *Martinez*, there was testimony in the record reflecting both the affidavit and warrant were prepared on July 11, 1971. There was further testimony, undisputed by the defense, that the date of March 11, 1971, which appeared on the search warrant was a typographical error. In light of such evidence, the Court found the warrant valid. *Id.*

The Court more recently addressed the question in terms of an arrest warrant. In *Rougeau v. State*, 738 S.W.2d 651 (Tex.Cr. App.1987), the warrant was actually issued on January 6, 1978 but was dated January 6, 1977, a difference of one year. On the basis of evidence elicited in evidentiary hearings during the appellant's first and second trials, we held "that the error pertaining to the year that was placed on the arrest warrant, 1977, was clearly a typographical error. This kind of error will not

vitiate either an arrest or search warrant." *Id.* at 663.

■ When a search warrant is not executed within the time period provided by articles 18.06 and 18.07, *see ante,* it becomes "functus officio", having no further official force or effect. It follows that any search whose legality depends on the warrant is unauthorized. *Swanson,* supra. However, as seen in the cases annotated above, purely *technical* discrepancies in dates or times do not automatically vitiate the validity of search or arrest warrants. The issue then becomes whether a warrant containing a discrepancy in time of issuance and execution so as to make the warrant apparently invalid under Art. 18.06 and 18.07, may nevertheless be held to be a valid instrument under which a proper search or seizure can be conducted, where there is no testimony in the record to reflect the discrepancy in time or date is merely a matter of technical or clerical error.

The small number of cases dealing with the issue have all apparently decided a particular document's validity by pointing to the existence of testimony in the record which explains the discrepancy in light of the circumstances surrounding issuance and execution. In the case at bar, there is no such testimony, although it was initially contemplated.[4] According to the record, the rationale for the trial court finding the warrant valid was as follows:

In relation to your Motion to Suppress, I'm going to find that the two documents, State's Exhibit No. 1 and No. 2 must be read together. In reading Exhibit No. 2 it says, 'Whereas a complaint on oath and in writing which is hereto attached and expressly made a part hereof has this day been made before me,' and if you take a look at State's Exhibit No. 1, you will see that it is filed and that it contains the allegation that information was received on March 25th. I'm going to find that the date of March 20th

---

**4.** The record reflects on the afternoon of the hearing on appellant's motion, there was discussion between the trial judge and counsel regarding an officer's testimony to explain the discrepancy in dates. The hearing was continued until the next morning, at which time, without hearing any testimony, the trial court made a finding the warrant was valid.

showing the issuance of the warrant was incorrect, and that the date of March 25th is the controlling date, and therefore the search conducted was not conducted upon a stale warrant, that same occurred on March 25th as shown by their return. I'm going to overrule your Motion to Suppress.

■ We earlier noted the goals or purposes underlying the requirements of a valid warrant. Specifically, we are here concerned with a procedural discrepancy and its possible effect in causing a mistaken execution upon an innocent third party. Without some evidentiary rationale for the discrepancy, we may not presume the warrant is valid given the strict mandates of Chapter 18 of the Code of Criminal Procedure. That does not mean such evidence must always be in the form of extraneous testimony. We agree with the State the warrant and supporting affidavit must be read together and a determination of validity made according to the totality of circumstances, the yardstick of measurement with the question of probable cause. However, because there is an apparent discrepancy found on the face of the documents which call into question the validity of the warrant executed, there must also be an explanation for the discrepancy in the record to justify going outside the instruments. Here, the sworn complaint of the officer requesting the warrant reflects the affiant received his informant's information on March 25, 1987. The affidavit contains a file date of 10:30 a.m. on the same day. The "form" warrant then recites, as noted *ante* and after two blanks were filled in with the date of March 20, 1987, that the warrant "came to hand" and was executed on March 25, 1987. The latter date is twice typed onto the document, while the earlier date is scrawled into the appropriate blanks. The same document reflects a return date of March 25th as well.

The State argues the boilerplate language appearing on the warrant near the top of the page which incorporates by reference the supporting affidavit, should be construed to allow a court to "read together" both instruments in order to cure an alleged defect in the warrant. As support

for this proposition, the State cites to several cases which stand for the general rule "the affidavit given to secure a search warrant controls over the search warrant." *See Doescher v. State*, 578 S.W.2d 385 (Tex.Cr.App.1979); *Oubre v. State*, 542 S.W.2d 875 (Tex.Cr.App.1976); *Riojas v. State*, 530 S.W.2d 298 (Tex.Cr.App.1975).

■ Examination of the history behind this general rule reflects a logical basis for the rationale. In *McTyre v. State*, 113 Tex.Crim. 31, 19 S.W.2d 49 (1929), this Court held the description in the affidavit of the place to be searched controls the description of the place in the search warrant. *See* TEX. CONST. art. I, § 9. The Court restated the rule over four decades later in *Phenix v. State*, 488 S.W.2d 759 (Tex.Cr.App.1972), where it was held when the affidavit is incorporated by reference, it becomes a part of, and can be used to aid the description in, the search warrant. The reason for the rule underscores our recognition that a factual affidavit, upon which the actual instrument of search or seizure must succeed or fail, is usually more specific and meticulous in reciting the information known to an affiant than is the warrant which follows. By nature the affidavit is intended to inform and persuade; the warrant simply executes the determination of probable cause made by the magistrate. When the question on appeal relates to descriptive facts supporting the probable cause determination, a reviewing court may logically look behind the warrant to the supporting affidavit. But, the same may not be said for all so-called "technical defects" acknowledged by the State. Due to the nature of such errors, this Court has held such defects may be cured by explanatory testimony. *See Rougeau, Lyons,* and *Martinez*, all supra. We have never held such defects are curable solely by reference to another document which is itself a part of the controversy. Here, as in the cases above, there exists a discrepancy in dates; with the warrant dated on an earlier day than the affidavit needed to support issuance of the warrant, and a corresponding later date appearing on the bottom of the warrant document as the

return thereof. We note the alleged technical or "typographical" error represented by the date of "3/20, A.D., 1987" appears not once but twice on the warrant, the first signifying the date the warrant was witnessed, with the same "error" repeated when filled in on the standard form under date "issued." Moreover, the recital at the top of the warrant to the effect the complaint was made the same day is bare boilerplate language, belied by the incongruous dates and left unexplained by parol evidence to explain the error on the face of the instrument. The danger posed by the possible use of pre-signed warrants or the alteration of affidavits after issuance of warrants is too great for this Court to consider such discrepancies a matter of inconsequential irregularity, absent some form of testimony or other evidence other than the documents in question themselves, which tends to reveal the error as technical or clerical in nature. Without even limited verification of the error as technical defect, the underlying goal of preventing mistaken execution of warrants is not served. Although the State had access to pertinent case law on this issue and was given the opportunity overnight to introduce testimony or other evidence when the hearing was reopened, the prosecution remained silent throughout the proceeding. There being a total lack of evidence corroborating the State's contention of clerical error, and having rejected the trial court's rationale that the two documents may be read together absent any such corroboration, we are constrained to hold the trial court improperly overruled appellant's Motion to Suppress evidence.

The judgment of the Court of Appeals is affirmed.

McCORMICK, P.J., and WHITE, J., concur in the result.

BERCHELMANN and STURNS, JJ., not participating.