Affirm, Opinion Filed June 10, 1998



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-96-00875-CR
No. 05-96-00876-CR
No. 05-96-00877-CR

## LORIE DENISE ROUNDTREE, Appellant

### V.

## THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4
Dallas County, Texas
Trial Court Cause Nos. F93-34772-NK, F93-34781-NK, F93-34782-NK

## O P I N I O N

Before Justices Lagarde, Whittington, and Roach
Opinion By Justice Lagarde

Lorie Denise Roundtree appeals from convictions for possession of methamphetamine with intent to deliver (No. 05-96-00875-CR), possession of methamphetamine (No. 05-96-00876-CR), and possession of amphetamine with intent to deliver (No. 05-96-00877-CR). Appellant pleaded guilty to the charges and, pursuant to

a plea bargain, the trial court sentenced appellant to five years' imprisonment. The drugs in question were seized pursuant to two separate search warrants executed at appellant's residence on different dates. Appellant brings the same two points of error in each case.

In the first point, appellant contends that the searches violated her rights under article one, section nine of the Texas Constitution and articles 1.06, 18.01, and 38.23 of the code of criminal procedure. TEX. CONST. art. I, § 9; TEX. CODE CRIM. PROC. ANN. arts. 1.06, 18.01, 38.23 (Vernon 1977 & Supp. 1998). In her second point of error, appellant contends that the searches violated her rights under the Fourth and Fourteenth Amendments to the United States Constitution. U.S. CONST. amends. IV, XIV. We overrule both points of error and affirm the trial court's judgments.

## BACKGROUND

On January 14, 1993, the police searched the residence shared by appellant and co-defendant, William Lane, pursuant to a search warrant asserting that Lane was in possession of and was manufacturing methamphetamine. The police found amphetamine, methamphetamine, several small marijuana plants, and equipment for cultivating marijuana.

On about August 9, 1993, and on August 16, 1993, the police received complaints that appellant and Lane were growing marijuana. On August 19, 1993, police officers saw a large potted marijuana plant on appellant's front porch. The police obtained a search warrant on August 19, 1993 and, on August 20, 1993, searched the residence. The police found marijuana and methamphetamine.

-2-

Appellant filed a motion to suppress asserting that the affidavits did not show probable cause for the issuance of the search warrants. After the trial court denied the motion to suppress, appellant pleaded guilty in each case pursuant to a plea bargain. The trial court sentenced appellant in accordance with the plea bargains. Appellant filed a notice of appeal in each case complying with rule of appellate procedure 25.2(b)(3) and former rule of appellate procedure 40(b)(1). *See* TEX. R. APP. P. 25.2(b)(3); TEX. R. APP. P. 40(b)(1) (former rules).

## STANDARD OF REVIEW OF A TRIAL COURT'S ORDER ON A MOTION TO SUPPRESS EVIDENCE SEIZED PURSUANT TO A SEARCH WARRANT

Appellant contends that the trial court erred in overruling her motion to suppress because the search warrants were not supported by probable cause. In deciding a motion to suppress evidence seized pursuant to a search warrant, the issue before the trial court is whether the issuing magistrate had a "substantial basis for . . . conclud[ing]" that a search would uncover evidence of wrongdoing. Whether the facts alleged in a probable cause affidavit sufficiently support issuance of a search warrant is determined by examining the totality of the circumstances. *Ramos v. State*, 934 S.W.2d 358, 362 (Tex. Crim. App. 1996), *cert. denied*, 117 S. Ct. 1556 (1997). The allegations are sufficient if they would "justify a conclusion that the object of the search is probably on the premises." *Id.* at 363 (quoting *Cassias v. State*, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986)). The trial court does not review *de novo* the sufficiency of an affidavit to support a search warrant but shows great

deference to the magistrate's decision. *Illinois v. Gates*, 462 U.S. 213, 236 (1983); *Ramos*, 934 S.W.2d at 363. The trial court's duty "is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed," *i.e.*, that there was a "fair probability" contraband would be found at the place named in the warrants. *Gates*, 462 U.S. at 238-39 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)); *see Johnson v. State*, 803 S.W.2d 272, 289 (Tex. Crim. App. 1990), *cert. denied*, 501 U.S. 1259 (1991).

In *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997), the court of criminal appeals clarified the standard of review to be used by appellate courts in reviewing a trial court's order on a motion to suppress evidence obtained through a search incident to a warrantless arrest. *See id.* at 87-89. In *Loserth v. State*, 963 S.W.2d 770 (Tex. Crim. App. 1998), the court of criminal appeals stated that *Guzman* applied to all motions to suppress evidence based upon Fourth Amendment claims as well as other claims.[1] *Id.* at 771.

In *Guzman*, the court of criminal appeals explained that the standard of appellate review depends on the type of question presented. It recognized three types of questions: (1) historical facts that the record supports, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor; (2) application of law to fact questions, *i.e.*, mixed questions of law and fact, when the ultimate resolution of those questions turns

---

[1] The court held that the *Guzman* standard applied to "motion[s] to suppress evidence based upon a claim that an in-court identification should not have been admitted due to taint by an impermissibly suggestive pretrial identification procedure, in violation of the defendant's due process rights under the Fourteenth Amendment." *Loserth*, 963 S.W.2d at 771. The court did not explain its reasons for applying *Guzman* outside the warrantless arrest context, nor did it place any limits on the applicability of *Guzman* to motions to suppress evidence of any type for any reason. It would appear that the court of criminal appeals intends *Guzman* to be the standard of appellate review of all orders on motions to suppress.

on an evaluation of credibility and demeanor; and (3) mixed questions of law and fact when the resolution of those questions does not turn on an evaluation of credibility and demeanor. *See Loserth*, 963 S.W.2d at 772; *Guzman*, 955 S.W.2d at 89. In reviewing the first two types of questions, an appellate court shows "almost total deference" to a trial court's determination because of a trial court's exclusive fact-finding role and because a trial court is in an appreciably better position to decide the issue. *Guzman*, 955 S.W.2d at 89. In reviewing the third type of question, where the resolution of the issue does not turn on an evaluation of credibility and demeanor, an appellate court is in as good a position to review the issue as the trial court; therefore, an appellate court determines the issue independently, or *de novo. Id.* In *Guzman*, the court of criminal appeals held that the issue of whether an officer had probable cause to arrest a suspect without a warrant, under the totality of the circumstances, was a question of the third type. *Id.* at 87.

Applying *Guzman's* general standard of review to an order on a motion to suppress evidence seized pursuant to a search warrant, the issue before the trial court is the propriety of the magistrate's determination that there is probable cause to issue the search warrant. When this issue is determined by the trial court reviewing the same affidavit considered by the magistrate in deciding whether to issue the warrant, as it was in these cases, resolution of a motion to suppress evidence seized pursuant to a search warrant does not turn on an evaluation of credibility and demeanor, thus the issue also falls within the third type of question under *Guzman*. Therefore, we determine independently, or *de novo*, the issue

before the trial court: viewing the totality of the circumstances and giving great deference to the magistrate's decision to issue the warrant, whether the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing. *See Lane v. State*, No. 05-96-00878-CR, slip op. at 7 (Tex. App.--Dallas June 4, 1998, no pet. h.). Applying these standards, we consider appellant's points of error.

## APPELLANT'S POINTS OF ERROR

In each case, appellant presents the same two points of error. In the first point of error, appellant contends that the searches violated her rights under the Texas Constitution and the code of criminal procedure; in the second point of error, appellant contends that the searches violated her rights under the federal constitution. Although she presents her federal and state grounds in separate arguments, appellant fails to show a distinction between them. Accordingly, we will consider the state and federal grounds to be the same and consider them together. *See Arnold v. State*, 873 S.W.2d 27, 29 n.2 (Tex. Crim. App. 1993), *cert. denied*, 513 U.S. 830 (1994); *Muniz v. State*, 851 S.W.2d 238, 251 (Tex. Crim. App.), *cert. denied*, 510 U.S. 837 (1993).

## JANUARY 14, 1993 SEARCH

In cause numbers 05-96-00876-CR and 05-96-00877-CR, appellant asserts the affidavit supporting the January 14, 1993 search warrant does not show probable cause. That affidavit states, in pertinent part:

On January 13, 1993, the Mesquite Police Narcotics Section

-6-

executed a narcotics search warrant at 1308 Highland Street .... Investigators recovered approximately 37 grams of methamphetamine along with cocaine and marijuana. The residents of this location were placed in custody and transported to Mesquite City Jail. During a debriefing of one of the residents, Donald Ray Johnson . . . gave Investigator D. L. Ward . . . a voluntary written statement. In this statement, Johnson advises that he has personally known the [s]aid William Lane for approximately one and a half years. During this period of time Johnson and Lane together have been cooking methamphetamine inside the place and premises .... Johnson further states that Lane would cook the methamphetamine, Johnson would sell the finished product. Johnson advises that on January 13, *1992* prior to the search warrant being executed at his residence, he was inside the place and premises described . . . above, and that the [s]aid William Lane was currently in the cooking process. Johnson states that the [s]aid William Lane had concluded the first portion of the cook process, and was supposed to start the powdering process late during the night of the 13th. Johnson states that the laboratory equipment was setup [sic] in the garage of the place and premises described [above].

(Emphasis added.)

Appellant contends the affidavit shows the information that Lane was in possession of methamphetamine at appellant's and Lane's residence on January 14, 1993 was stale because it showed Lane may have possessed methamphetamine on January 13, 1992, more than a year before the January 14, 1993 affidavit. Thus, argues appellant, the affidavit is insufficient. At the hearing on the motion to suppress, the State called the affiant, Detective R.E. Bishop, who also typed the affidavit. Bishop testified that "1992" was a typographical error, but he did not testify what the correct date was.

Technical discrepancies in dates or times do not automatically invalidate a search warrant. *Green v. State*, 799 S.W.2d 756, 757 (Tex. Crim. App. 1990). In *Green*, the court of criminal appeals stated:

> When the question on appeal relates to descriptive facts supporting the probable cause determination, a reviewing court may logically look behind the warrant to the supporting affidavit. But, the same may not be said for all so-called "technical defects" acknowledged by the State. Due to the nature of such errors, this court has held such defects may be cured by explanatory testimony.

*Id.* at 760.

In this case, Bishop testified that the date "1992" in the affidavit was incorrect and was a typographical error. However, because Bishop did not testify to what the correct year was, we must decide whether the year can be determined from the affidavit. Johnson told Bishop on January 13, 1993 that he had known Lane for about one-and-a-half years, or from about July 1991. Therefore, the correct date could not be before July 1991. Because 1992 is not the correct year, and a January 13 before 1992 would not have been possible given Johnson's statement that he had known Lane only since about July 1991, the only possible January 13 date that Johnson could have described to Bishop and which Bishop could have meant to place in the affidavit is January 13, 1993. *Cf. Champion v. State*, 919 S.W.2d 816, 818 (Tex. App.--Houston [14th Dist.] 1996, pet. ref'd) (affidavit supporting search warrant stated incorrect address).

Viewing the totality of the circumstances, including Johnson's statement that on

-8-

January 13, 1993, Lane was in the process of manufacturing methamphetamine using laboratory equipment located in the garage of the premises and would begin the powdering process late during the night of January 13, 1993, and giving great deference to the magistrate's decision, we conclude that the magistrate had a substantial basis for concluding that on January 14, 1993 there was a fair probability that methamphetamine was inside the premises. We hold that the trial court did not err in overruling appellant's motion to suppress. We overrule her points of error in cause numbers 05-96-00876-CR and 05-96-00877-CR.

## AUGUST 20, 1993 SEARCH

In cause number 05-96-00875-CR, appellant asserts that the affidavit supporting the August 19, 1993 search warrant does not show probable cause to search. In the affidavit, the affiant, David Ward, identified the location to be searched, stated it was in the charge of and controlled by appellant and Lane, and stated he believed they possessed marijuana at that location. Ward based this belief on the following facts:

> Ward received information on August 16, 1993 that appellant and Lane were growing marijuana at the location. The police had received a similar complaint about a week before August 16, 1993.

> Ward drove past the location between August 16 and 19, 1993 on several occasions but did not see any marijuana plants.

> On August 19, 1993, Ward drove past the location and saw a potted marijuana plant set outside the house on a rail just in front of the front door.

> "Due to the fact that marijuana has not been observed until August 19,

1993 the plants may be being moved in and out of the residence . . . for sunlight and security of the plants."

During the January 14, 1993 search, the police recovered marijuana plants and cultivation equipment as well as a working methamphetamine lab and a substantial amount of methamphetamine.

Appellant has one previous arrest on a narcotics charge, and Lane has four previous arrests on narcotics charges.

"Your Affiant has had training and experience in narcotic[s] investigations. It has been your Affiant's experience that persons who cultivate marijuana use drying areas inside a covered area for the purpose of drying out the marijuana to be smoked. These areas have been sheds or inside the residence [in] which the persons live. It is also common to find larger and smaller plants inside these areas, either waiting to be planted outdoors or the plants have been potted for growing inside the residence and/or outbuildings located on the curtilage thereof. Therefore, your Affiant believes that the said William Eugene Lane and Lorie Denise Roundtree . . . are currently and knowingly in possession of . . . marijuana at the place and premises described . . . above."

Appellant asserts that all references to the January 14, 1993 search must be excised because that information is the fruit of an illegal search. However, as discussed above, the January 14, 1993 search was not illegal. Appellant's argument lacks merit.

Some of the underlying circumstances of which the magistrate was informed through the affidavit at the time of the issuance of the search warrant were: Complaints about marijuana being grown at the named location, the presence of the marijuana plant in front of the house, the January 14, 1993 search involving discovery of several marijuana plants and cultivation paraphernalia, and appellant's and Lane's history of drug arrests. Applying a totality-of-the-circumstances analysis to those facts in reviewing the magistrate's probable

cause determination, and giving great deference to the magistrate's determination, we conclude the magistrate had a substantial basis for his decision that there was a fair probability marijuana was inside appellant's house. Therefore, the trial court did not err in overruling the motion to suppress. We overrule both points of error in cause number 05-96-00875-CR.

We affirm the trial court's judgments.

SUE LAGARDE
JUSTICE

Do Not Publish
Tex. R. App. P. 47
960875F.U05