Affirmed and Opinion filed May 16, 2002














Affirmed and
Opinion filed May 16, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NOS. 14-01-01188-CR

           14-01-01189-CR

_______________

 

JOSE LUIS
SAGASTEGUI, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                                

On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause Nos. 876,330 and
876,331

                                                                                                                                                

 

O P I N I O N

 

            Jose Luis Sagastegui
appeals two convictions for possession of between four and 200 grams of cocaine
and possession of between four ounces and five pounds of marijuana  on the grounds that: (1) the trial court
erred in denying his motion to suppress the drugs seized because the search
warrant affidavit failed to state probable cause and there was a fatal discrepancy
between the dates the search warrant affidavit and warrant were signed; (2) the
trial court erroneously denied his motion to disclose the identity of the
confidential informant; and (3) appellant was denied effective assistance of
counsel.  We affirm in part and dismiss
in part.

 

                                                                   Background

            After the
trial court denied his motion to suppress the drugs seized in each case,
appellant pled guilty to both offenses pursuant to agreed punishment
recommendations and waived his right to appeal “except for the motion to
suppress issues.”  The trial court found
appellant guilty and assessed punishment in accordance with the agreed
recommendations.

                                                            Motion to Suppress

                                                             Standard of Review

            In reviewing a ruling on a motion to
suppress, we generally: (1) afford almost total deference to the trial court's
determinations of historical facts and application of-law-to-fact questions
that turn on an evaluation of credibility and demeanor; and (2) review de novo application of-law-to-fact
questions that do not turn on an evaluation of credibility and demeanor.  Johnson
v. State, 68 S.W.2d 644, 652-53 (Tex. Crim. App. 2002).

            However, the sufficiency of a search
warrant affidavit is not reviewed de novo,
but instead afforded great deference.  Illinois v. Gates, 462 U.S. 213, 236
(1983).  The task of the issuing
magistrate is simply to make a practical, common-sense decision whether, given
all the circumstances set forth in the affidavit, including the veracity and
basis of knowledge of persons supplying hearsay information, there is a fair
probability that contraband or evidence of a crime will be found in a
particular place.  Id. at
238.  An affidavit need not reflect the
direct personal observations of the affiant so long as the magistrate is
informed of some of the underlying circumstances supporting the affiant’s
belief that any informant involved, whose identity need not be disclosed, was
credible or his information reliable.  United States v. Ventresca, 380 U.S. 102, 108
(1965).  Thus, the duty of a reviewing
court is simply to ensure that the magistrate had a substantial basis for
concluding that probable cause existed, i.e.,
it was not a mere ratification of the bare conclusions of others.  Gates,
462 U.S. at 238,
239.[1]  In determining the existence of probable
cause to support issuance of a warrant, we look only to the four corners of the
supporting affidavit and do not consider testimony presented at a pretrial
motion to suppress.  See Massey v. State, 933 S.W.2d 141, 148 (Tex. Crim.
App. 1996).

                                                          Sufficiency
of Affidavit

            Appellant’s first point of error
argues that the trial court erred in denying his motions to suppress evidence
of the cocaine and marijuana seized from his residence because the operative
portion of the affidavit provided in support of the search warrant (the
“affidavit”) failed to state probable cause:[2]

The
confidential informant stated to your affiant that within the past 72 hours the
confidential informant was in the residence as described above, and observed a
quantity of a green leafy substance known to the confidential informant to be
marijuana.  The confidential informant
knows marijuana by sight and smell.  The confidential informant is credible and
has been reliable in the past.  The
confidential informant has made transactions at the residence before and has
contacted the residence in the past 24 hours to make another transaction.

(emphasis added).

            A complaint on appeal that does not
comport with an objection at trial presents nothing for our review.  See Santellan v. State, 939 S.W.2d 155, 171 (Tex. Crim. App. 1997).  In
this case, appellant contends on appeal that the affidavit failed to establish
probable cause because it contains: (1) only a conclusory
statement regarding the informant’s reliability and credibility (italicized
above); (2) no facts showing corroboration of any part of the informant’s
information by independent police work; and (3) no showing of a contact or
connection between the informant and appellant.

            However, appellant has cited, and we
have found, no portion of the record at which appellant ever challenged in the
trial court the conclusory sentence stating the
informant’s reliability or the lack of facts showing corroborative police
work.  Although appellant’s motion to
suppress globally asserted that the affidavit did not contain sufficient facts
to show how the informant obtained his information or to establish the
credibility and reliability of the informant, the motion did not specify how or
in what respects the affidavit failed to do so. 
Moreover, at the hearing on the motion to suppress (the “hearing”),
appellant’s only challenge to the sufficiency of the affidavit to show probable
cause was very narrow:

[T]he
affidavit only says the confidential informant had been in the house within 72
hours and seen Marihuana.  It does not
say where in the house the Marihuana was seen or if [appellant] was
present.  It also says that the
confidential informant had contacted the house within the [past] 24 hours but
it doesn’t say who he contacted at the house . . . [or] what room in the house
the Marihuana was found . . . .

Because
appellant thus gave the trial court no opportunity to rule on the assertions
that the statement regarding the informant’s reliability was conclusory or that the affidavit lacked facts showing
corroborative police work, those complaints present nothing for our review.

As to
appellant’s remaining challenge, he cites no authority suggesting that the
affidavit was required to state a contact with, or connection to, him (or any
particular individual), or to state that the alleged contraband was located in
a specified place within the house. 
Therefore, his first point of error fails to demonstrate error by the
trial court, and is overruled.

                                                              Date Discrepancy

            Appellant’s second issue contends
that the trial court erred in denying his motion to suppress because there was
a fatal discrepancy between the May 2,
 2001 date the affidavit was signed by the affiant and the April 2, 2001 date the
warrant was signed by the magistrate, and the State failed to provide sufficient
evidence to overcome the discrepancy.  See Green v. State, 799 S.W.2d 756,
759-61 (Tex. Crim. App. 1990) (holding that
discrepancies in dates of warrant documents, such as a warrant being dated
earlier than its supporting affidavit, do not invalidate the warrant if there
is testimony in the record showing that the discrepancy is merely a clerical or
typographical error).

            In this case, the Officer who was
the affiant and obtained the warrant testified that he witnessed the magistrate
signing the warrant on May 2, rather than on April 2, as reflected on the face
of the warrant.  Appellant contends that
this evidence was insufficient to overcome the date discrepancy because the
magistrate who issued the warrant was not called to testify about it.  However, such a stringent requirement is not
imposed in any authority appellant cites, and is, if anything, contrary to the
rationale of Green.[3]   Because appellant’s second issue thus fails
to demonstrate the insufficiency of the evidence to prove that the date discrepancy
resulted from a clerical error, it is overruled.

                                                      Waiver of Right to Appeal

            Appellant’s third and fourth issues
assert that the trial court erroneously denied his motion to disclose the
identity of the confidential informant and that appellant was denied effective
assistance of counsel by the manner in which his counsel presented the motion
to disclose.

            However, a waiver of the right to
appeal made as a condition of a plea bargain agreement before sentencing occurs
is valid and enforceable.[4]  As part of each of the plea agreements in
this case, appellant signed a document before he was sentenced which states, in
part: “I waive any right of appeal except
for the motion to suppress issues which I may have if the Court accepts the
foregoing plea bargain agreement between me and the prosecutor.”[5]  The trial court thereafter sentenced
appellant in accordance with the agreed punishment recommendation in each
case.  Because the matters raised in
points of error three and four were not part of appellant’s motion to suppress,
but were asserted in a separate motion, appellant waived his right to appeal
those points, and we lack jurisdiction to address them.  Accordingly, we dismiss appellant’s third and
fourth points of error and affirm the judgment of the trial court.

                                                                        

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment rendered and Opinion filed
May 16, 2002.

Panel consists of Justices Hudson,
Fowler, and Edelman.

Do Not Publish — Tex. R. App. P. 47.3(b).

 











[1]           Although an informant's veracity,
reliability, and basis of knowledge are highly relevant in reviewing the
sufficiency of an affidavit, these elements are not each independent
requirements, but closely intertwined issues that simply illuminate the overall
question whether there is probable cause to believe that contraband or evidence
is located in a particular place.  Gates, 462 U.S. at
230.  If, for example, a particular
informant is known for the unusual reliability of his predictions of certain
types of criminal activities in a locality, his failure, in a particular case,
to thoroughly set forth the basis of his knowledge does not bar a finding of
probable cause based on his tip.  Id. at 233.
Conversely, even if some doubt exists as to an informant's motives, his
explicit and detailed description of alleged wrongdoing, along with a statement
that the event was observed first-hand, entitles his tip to greater weight than
might otherwise be the case.  Id. at
234.  An affidavit may also rely on
information received through an informant if the informant's statement is
reasonably corroborated by other matters within the officer's knowledge.  Id. at 242.





[2]           Because appellant does not contend
that the Texas Constitution affords greater protection in this regard than the
United States Constitution, we address his complaint under only the United
States Constitution.





[3]           See Green, 799
S.W.2d at 757 (“The two objectives of the law concerning search warrants are to
ensure there is adequate probable cause to search and to prevent a mistaken
execution of the warrant against an innocent third party. . . .  These objectives are not furthered by rigid
application of the rules concerning warrants.”); id. at 760 (holding that the evidentiary rationale for the
discrepancy need not even be in the form of extraneous testimony).





[4]           Blanco v.
State, 18 S.W.3d 218, 219-220 (Tex. Crim. App. 2000).





[5]           The italicized portion of the
waiver is handwritten on the otherwise printed form.