

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00053-CR

**ROBERT ROMERO,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 361st District Court
Brazos County, Texas
Trial Court No. 09-04686-CRF-361**

## MEMORANDUM  OPINION

A grand jury indicted Appellant Robert Romero for the offenses of possession with intent to deliver over 400 grams of cocaine (count 1) and possession of less than five pounds but more than four ounces of marijuana (count 2).  The indictment alleged two prior felony convictions for purposes of enhancement of punishment.

A jury found Romero guilty and also found that he committed the offense within 1,000 feet of a school and used or exhibited a deadly weapon.  Punishment was to the trial court, which found the enhancement paragraphs true and assessed punishment on

each count at 62 years (to run concurrently) and a $25,000 fine on count 1. The trial court entered separate judgments on each count. Asserting two issues, Romero appeals.

## Suppression

College Station Police Detective Robert Wilson, who had been investigating Romero, obtained a search warrant for Romero's home on September 10, 2009.[1] The warrant was executed the next day, and the cocaine and marijuana were seized.

In his first issue, Romero asserts that the trial court abused its discretion in denying his motion to suppress that sought suppression of the evidence seized at Romero's home under the search warrant. Romero's motion asserted that Detective Wilson's search-warrant affidavit did not set forth probable cause because it contained stale information.

Detective Wilson's search-warrant affidavit, which he signed and swore to on September 10, 2009, provides in pertinent part:

> On 06/18/09, Affiant spoke to a Confidential Informant (CI). The CI has given the Affiant information in the past that has been proven true and correct through independent investigation. The CI has given the Affiant information that has led to two felony narcotic arrests and has led to the seizure of cocaine and methamphetamine. The CI has proven the ability to recognize Cocaine and Methamphetamine by sight to the Affiant in the past. **The CI advised the Affiant that the CI personally observed said suspected party #1 [Romero] in possession of cocaine within the past 72 hours.** The CI advised that said suspected Party #1 commonly transports cocaine in different vehicles located at the Said Suspected Place. The CI advised that the Said Suspected Party hides money and contraband in the out buildings located on the Said Suspected Place. [Emphasis added.]

At the suppression hearing, Detective Wilson testified, over Romero's objection,

---

[1] At the same time, another detective obtained a second search warrant from the same magistrate for another residence owned by Romero. That warrant and its supporting affidavit are not at issue.

that the affidavit's June date was from a previous drug buy involving Romero and that he had not obtained a search warrant and executed it in June because of a staffing shortage at the time. He kept the June affidavit on a portable storage device, and in September, when he sought the warrant, he created the September affidavit but mistakenly submitted the June affidavit to the magistrate. The trial court issued findings of fact and conclusions of law on the motion to suppress and found that Detective Wilson's affidavit with the June date was a clerical error. As part of his complaint that the trial court erred in denying the motion to suppress, Romero asserts that the trial court erred in allowing Detective Wilson to testify about this alleged clerical error, arguing that it is not a clerical error and that Detective Wilson's testimony thus ran afoul of the "four-corners rule" in the determination of whether the search-warrant affidavit alleged facts showing probable cause.[2]

In a supplemental brief, the State presents an alternative theory for upholding the magistrate's issuance of the search warrant:[3] Based on the four corners of the affidavit, the magistrate could have reasonably inferred that the informant observed Romero in possession of cocaine at his residence within 72 hours of the date the affidavit was sworn to—September 10. *See State v. McLain*, 337 S.W.3d 268, 273 (Tex.

---

[2] "[P]urely technical discrepancies in dates or times do not automatically vitiate the validity of search or arrest warrants." *Green v. State,* 799 S.W.2d 756, 759 (Tex. Crim. App. 1990). Because of the nature of these technical defects, parol evidence, in the form of explanatory testimony, may be used to cure the defect. *Id.* at 760.

[3] *See, e.g., Mahaffey v. State,* 316 S.W.3d 633, 637 (Tex. Crim. App. 2010) ("The State … switched gears on appeal and argued that the trial court's ruling was correct under the theory that 'a movement right or left on a roadway is a turn.' That switch was perfectly permissible because an appellate court will uphold the trial court's ruling if that ruling is 'reasonably supported by the record and is correct on any theory of law applicable to the case.'").

Crim. App. 2011). Also, the magistrate could have inferred that Romero was operating an ongoing narcotics operation in his residence. *See Jones v. State,* 364 S.W.3d 854, 860-63 (Tex. Crim. App. 2012). Thus, the State concludes, the magistrate had a substantial basis for concluding that probable cause existed, and the trial court did not err in denying the motion to suppress.

Romero responds that we should reject the State's alternative theory and address only the trial court's findings of fact and conclusions of law.[4] A trial court's ruling will be upheld, however, if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Amador v. State,* 275 S.W.3d 872, 878-79 (Tex. Crim. App. 2009); *Villarreal v. State,* 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). At least twice recently, the Court of Criminal Appeals has invoked this principle when the trial court had made findings of fact and conclusions of law. *See, e.g., State v. Weaver,* 349 S.W.3d 521, 525 (Tex. Crim. App. 2011); *Mahaffey v. State,* 316 S.W.3d 633, 637 (Tex. Crim. App. 2010). And it is applicable here with our highly deferential review of the issuing magistrate's probable-cause decision and our sole focus on the four corners of the affidavit:

---

[4] None of the trial court's findings and conclusions pertains to the State's alternative theory. Because our sole focus is on the four corners of the affidavit under the State's alternative theory, abatement of the appeal and a remand for further findings by the trial court is unnecessary. *Cf. Elias v State,* 339 S.W.3d 667, 676-77 (Tex. Crim. App. 2011). There are no credibility determinations to be made because our sole focus is on the affidavit, *McLain,* 337 S.W.3d at 271, and there are no potentially dispositive historical factual findings to be made. *See generally State v. Mendoza,* 365 S.W.3d 666, 669-70 & n.12 (Tex. Crim. App. 2012) (discussing nature of historical factual findings). Rather, an appellate court, applying a highly deferential review of the issuing magistrate's probable-cause decision and focusing solely on the affidavit, can interpret the affidavit and render the legal conclusion on what reasonable inferences the magistrate could have made without pertinent factual findings. *See McLain,* 337 S.W.3d at 273 ("we believe that the magistrate could have reasonably inferred that the informant observed Appellee with the methamphetamine within the past 72 hours").

[W]hen the trial court is determining probable cause to support the issuance of a search warrant, there are no credibility determinations, rather the trial court is constrained to the four corners of the affidavit. Accordingly, when we review the magistrate's decision to issue a warrant, we apply a highly deferential standard because of the constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search. As long as the magistrate had a substantial basis for concluding that probable cause existed, we will uphold the magistrate's probable cause determination.

We are instructed not to analyze the affidavit in a hyper-technical manner. When "reviewing a magistrate's decision to issue a warrant, trial and appellate courts apply a highly deferential standard in keeping with the constitutional preference for a warrant. Thus, when an appellate court reviews an issuing magistrate's determination, that court should interpret the affidavit in a commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences. When in doubt, we defer to all reasonable inferences that the magistrate could have made."

Since the Fourth Amendment strongly prefers searches to be conducted pursuant to search warrants, the United States Supreme Court has provided incentives for law-enforcement officials to obtain warrants instead of conducting warrantless searches. One incentive is a less-strict standard for reviewing the propriety of a search conducted pursuant to a warrant. In this situation, courts must give great deference to the magistrate's probable-cause determination. Both appellate courts and trial courts alike must give great deference to a magistrate's implicit finding of probable cause.

An evaluation of the constitutionality of a search warrant should begin with the rule "the informed and deliberate determinations of magistrates empowered to issue warrants are to be preferred over the hurried action of officers who may happen to make arrests." Reviewing courts should not "invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than commonsense, manner." When in doubt, the appellate court should defer to all reasonable inferences that the magistrate could have made.

A magistrate shall not issue a search warrant without first finding probable cause that a particular item will be found in a particular location. Probable cause exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found at

the specified location. It is a flexible and non-demanding standard. The facts stated in a search affidavit "must be so closely related to the time of the issuance of the warrant that a finding of probable cause is justified."

*McLain,* 337 S.W.3d at 271-72 (footnoted citations omitted). But, "time is a less important consideration when an affidavit recites observations that are consistent with ongoing drug activity at a defendant's residence." *Jones,* 364 S.W.3d at 860 (citing *McLain,* 337 S.W.3d at 273-74).

Applying this highly deferential review of the issuing magistrate's probable-cause decision, we agree with the State that the magistrate could have reasonably inferred that the informant observed Romero in possession of cocaine at his residence within 72 hours of the date of Detective Wilson's affidavit and that Romero was operating an ongoing narcotics operation in his residence. *See McLain,* 337 S.W.3d at 273; *see also Jones,* 364 S.W.3d at 862-63. With these reasonable inferences, the magistrate had a substantial basis for concluding that probable cause existed. Accordingly, the trial court did not err in denying Romero's motion to suppress because the ruling is correct under the State's alternative theory, which is reasonably supported by the record. We overrule issue one.

## Fine

Romero's second issue asserts that the trial court improperly imposed a $25,000 fine on count 1. The State agrees with Romero.

The State sought and obtained punishment of Romero as a habitual offender, and the applicable punishment range—25 to 99 years' imprisonment or life—is set out in

section 12.42(d) of the Penal Code.  *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2012).  Section 12.42(d) does not authorize a fine.

The State submits that a proper remedy is for the Court to delete the fine on count 1 and to affirm the judgment on that count as modified.  *See* TEX. R. APP. P. 43.2(b).  We agree.

We sustain issue two and delete the $25,000 fine in the trial court's judgment on count 1.  We affirm that judgment as modified, and we affirm the judgment on count 2.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
      (Chief Justice Gray concurs in the Court's judgment.  A separate opinion will not issue.)
Affirmed as modified
Opinion delivered and filed December 20, 2012
Do not publish
[CRPM]