**Affirmed and Memorandum Opinion filed November 17, 2015.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-14-00634-CR

**COLIN M. DEMPSEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 9**
**Harris County, Texas**
**Trial Court Cause No. 1931495**

## M E M O R A N D U M   O P I N I O N

Appellant, Colin Dempsey, was arrested for driving while intoxicated. Shortly thereafter, the police obtained a search warrant to take a specimen of appellant's blood. The State charged appellant with the offense and alleged the blood analysis showed an alcohol concentration of at least 0.15. *See* Texas Penal Code Ann. §§ 49.01(1)(B), (2)(B) (West 2011), 49.04(a) (West Supp. 2014) (providing person commits offense if he operates a motor vehicle in a public place with blood-alcohol concentration of 0.08 or higher).

Appellant filed a pre-trial motion to suppress the results of the analysis, contending his constitutional and statutory rights were violated because the search warrant was not properly based on a probable-cause affidavit. After a hearing, the trial court denied the motion. Appellant then pleaded guilty subject to his right to appeal the pre-trial ruling. The trial court sentenced appellant to 180 days in jail, probated for one year. In his sole appellate issue, appellant contends the trial court erred by denying the motion to suppress. We affirm.

## MOTION TO SUPPRESS

Both the Fourth Amendment to the United States Constitution and the Texas Constitution protect against an unreasonable search and seizure and provide that no search warrant shall issue except upon a warrant based on probable cause as supported by an oath or affirmation. *See* U.S. Const. amend. IV; Tex. Const. art. I, § 9. The ultimate touchstone of the Fourth Amendment is reasonableness. *Riley v. California*, ⸻ U.S. ⸻, 134 S.Ct. 2473, 2482, 189 L.Ed.2d 430 (2014).[1] Reasonableness generally requires obtaining a judicial warrant issued upon probable cause subject to a few established exceptions. *See id.* Further, the Texas Code of Criminal Procedure provides that no search warrant shall issue "unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance." Tex. Code. Crim. Proc. Ann. art 18.01(b) (West 2015). "A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested." *Id.*

---

[1] Appellant does not argue his state constitutional claim separately from his federal claim or contend the state constitution affords greater protections than the federal constitution. Consequently, we will analyze the constitutional claim solely under Fourth Amendment law. *See Manns v. State*, 122 S.W.3d 171, 192 n.97 (Tex. Crim. App. 2003).

Consistent with his contention in the trial court, appellant argues that the search warrant authorizing his blood draw was invalid on its face because the documents reflect the warrant was signed before the probable-cause affidavit was executed. The warrant and the affidavit were presented at the motion-to-suppress hearing. The affidavit was executed by Houston police officer N.J. Correia, who explained the facts required to establish probable cause.[2] In the search warrant, the magistrate made the following recital:

> WHEREAS, Complaint in writing, under oath, has been made by **N. J. CORREIA**, a peace officer employed by the **Houston Police Department**, in reference to incident **# 147028913-C**, which complaint is attached hereto and expressly made a part hereof for all purposes and said complaint having stated facts and information in my opinion sufficient to establish probable cause for the issuance of this warrant

(emphasis in original). The incident number referenced in the magistrate's recital matched the incident number on the officer's affidavit. As appellant asserts, the notarization on the affidavit showed that it was "Sworn to and Subscribed" by the officer at 1:10 a.m. on a particular day, but the search warrant had a notation of 1:06 a.m. that same day for the magistrate's signature—which preceded the time on the affidavit by four minutes.

The trial court did not issue written findings of fact and conclusions of law but orally announced the reason for its ruling. *See State v. Cullen,* 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) (recognizing that in criminal case, appellate court may consider findings orally articulated on the record by trial court). The trial court remarked that (1) the magistrate recited an affidavit had been presented to him, and (2) "Unfortunately we don't live in a world with synchronized watches."

---

[2] Appellant does not challenge whether those facts were sufficient to establish probable cause.

Therefore, the trial court essentially concluded that the search warrant was valid because it was based on a probable-cause affidavit and the time notation on the warrant preceded the time on the affidavit because one of the officials viewed a clock with an inaccurate time.

We may review *de novo* the trial court's denial of the motion to suppress because it turned solely on a review of the relevant documents as opposed to any factual disputes or evaluation of witness credibility and demeanor and thus the trial court was in no better position than our court to decide the motion. *See Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State,* 955 S.W.2d 85, 87 (Tex. Crim. App. 1997); *State v. Garcia,* 25 S.W.3d 908, 911 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

The State relies on *Green v. State*, 799 S.W.2d 756, 757–60 (Tex. Crim. App. 1990), in which the Texas Court of Criminal Appeals recognized that "purely technical discrepancies" do not automatically vitiate the validity of a search warrant and must be reviewed "with a judicious eye for the procedural aspects surrounding issuance and execution of the warrant" and under "the totality of the circumstances." Appellant relies on further statements in *Green* indicating there must be extraneous evidence in the record explaining that an error on the face of an instrument is merely clerical or technical, *see id.* at 759–61, and asserts the State failed to present such evidence in this case.

Appellant's contention that the warrant was invalid **on its face** because of the time notation is somewhat inconsistent with his argument that both documents together demonstrate there was a "discrepancy." Regardless, we disagree that the warrant was invalid or that there was any material "discrepancy."

The version of Texas Code of Criminal Procedure article 18.04 in effect when this search warrant was issued provided:

4

A search warrant issued under this chapter shall be sufficient if it contains the following requisites:

(1) that it run in the name of "The State of Texas";

(2) that it identify, as near as may be, that which is to be seized and name or describe, as near as may be, the person, place, or thing to be searched;

(3) that it command any peace officer of the proper county to search forthwith the person, place, or thing named; and

(4) that it be dated and signed by the magistrate.

Act of May 23, 1973, 63rd Leg., R.S., ch. 399, § 2(E), 1973 Tex. Gen Laws 983 (amended by Act of May 26, 2015, 84th Leg., R.S., ch. 690, § 1, 2015 Tex. Gen. Laws 2165). There was not, nor is there currently, any requirement that a warrant show the time of the magistrate's signature. *See id.* Thus, we view the time notation on this warrant as surplusage, and the fact that the noted time preceded the time on the affidavit did not render the warrant invalid. The warrant contained all the requirements of article 18.04 and reflected it was based on a probable-cause affidavit as required under the Fourth Amendment and article 18.01(b). *See* U.S. Const. amend. IV; Tex. Code. Crim. Proc. Ann. art. 18.01(b).

However, even if we consider the time notation, we conclude the warrant was valid. The magistrate recited that he based his probable-cause determination on an **already-executed** affidavit and the magistrate's time notation preceded the time on the affidavit by only four minutes. Consequently, it is a reasonable inference that one of the instruments contained the wrong time, whether the official mistakenly wrote the incorrect time or viewed a clock that was inaccurate.

In this regard, we disagree with appellant's argument that *Green* is controlling. In *Green*, the court held that the trial court erred by denying the defendant's motion to suppress the results of a search because the search warrant was stale when executed. *See* 799 S.W.2d at 759–61. The warrant twice showed

5

an issuance date of March 20 and showed an execution date of March 25. *Id.* at 757, 760–61. At that time, there was a requirement that a warrant be executed within three days exclusive of the date of issuance and execution, and thus the face of the instrument showed it was stale when executed. *See id.* at 757. The court held that extraneous evidence was required to show the March 20th notation was merely an error, but the State failed to present such evidence. *See id.* at 759–61. The court also rejected the State's attempt to rely on the probable-cause affidavit to correct the error. *See id.* at 760–61. The State contended that because the police officer swore he obtained his information on March 25 and the warrant recited it was issued the same day as execution of the affidavit, the March 20 date was an error and the warrant was issued March 25. *See id.* at 760. The court held that the defect was not curable solely by reference to the officer's affidavit which was "itself a part of the controversy" and extraneous evidence was required to show March 20 was a clerical or technical error. *See id.* at 760–61.

*Green* is distinguishable from the present case for several reasons. In *Green*, (1) the dispositive issue was a stale warrant; (2) the defect existed on the face of the warrant because it included both the issuance and execution dates, which negated timely execution; (3) the defect involved the issuance date, a statutory requirement for a warrant; and (4) the alleged error in the recorded issuance date was a mistake of being five days before the actual issuance date. *See id.* at 757–61. In contrast, in the present case (1) the issue is whether a warrant was properly based on a probable-cause affidavit; (2) there was no defect on the face of the warrant negating that requirement was satisfied, but rather appellant relies on reading both instruments together to assert the warrant was invalid; (3) the alleged defect concerned a discrepancy in noted times, which was not a requirement for the warrant; and (4) the alleged discrepancy involved only four minutes. We conclude

6

that we may also read the instruments together to determine that, based on the totality of the circumstances, the affidavit was signed before the warrant and the preceding time on the warrant resulted from a clerical or technical error.

In summary, the trial court did not err by denying appellant's motion to suppress. Accordingly, we overrule appellant's sole issue and affirm the trial court's judgment.


/s/     John Donovan
        Justice

Panel consists of Justices Boyce, McCally, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).