**Tony RIOS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–94–00418–CR.**

Court of Appeals of Texas,
San Antonio.

May 24, 1995.

 

Lawrence F. Harrison, Junction, for appellant.

Donnie J. Coleman, Asst. Dist. Atty., Ronald L. Sutton, Dist. Atty., Junction, for appellee.

Before CHAPA, C.J., and
HARDBERGER and DUNCAN, JJ.

## OPINION

HARDBERGER, Justice.

This Fourth Amendment appeal involves a search warrant that incorrectly used the word "vehicle" in the search warrant rather than the correct description of a "house" which was used in the accompanying supporting affidavit. There is no evidence that the insertion of the word "vehicle" was anything more than a clerical oversight in clearing the computer. No "vehicle" was involved in the crime and none was suspected to have been involved. No vehicle was searched, or attempted to be searched.

The legal issue, then, is: can the supporting affidavit, referred to in the warrant, be used to clarify the warrant? Or, as the appellant claims, is the search warrant fatally defective because within its four corners it does not mention "house" or "premise"? Put another way, is it correct to consider the affidavit as well as the warrant, or is the standard of review limited to the warrant alone without reference to the affidavit? This court considers this a case with merit on both sides, but we feel the weight of authority, as well as common sense, is to affirm the conviction. We so hold.

The critical applicable language of the search and arrest warrant affidavit describes the place to be searched as:

"A wood frame house located at 815 Agarita Street, Junction, Kimble County, Texas occupied by Tony Rios Sr....."

The affidavit asks for a warrant that will authorize the search of the suspect premises.

The incorrect warrant's critical applicable language is:

"... you are commanded to enter the suspected vehicle described in the affidavit ..."

As no vehicle is mentioned in the affidavit, much less described, it is obvious that there is a mistake. The officers searched the wood house located at 815 Agarita Street and seized marijuana and cocaine. Rios filed a motion to suppress which was heard and denied. The jury found Rios guilty of possession, with intent to deliver, cocaine. He was sentenced to 15 years in the penitentiary.

### Underlying Facts

A Junction police officer, Steven Brown, received information from a confidential informant who had within 24 hours seen cocaine at a house on 815 Agarita. The police officer got a search warrant based on his affidavit. In his affidavit, the officer described the wood frame house at 815 Agarita St. Junction, Kimball County, and asked for a warrant that would authorize a search of the suspect premises.

The County Judge of Kimble County, Texas, as magistrate, signed the search and arrest warrant, which reads in pertinent part, as follows:

> Whereas, Affiant whose name appears on the Affidavit on the reverse side hereof is a Peace Officer under the laws of Texas and did heretobefore on this day subscribe and swear to the Affidavit before me (*which Affidavit is here and now made part hereof for all purposes*) (emphasis supplied), and whereas I find that the verified facts stated by Affiant in the Affidavit show that Affiant has grounds for issuance of this Warrant; now therefore, you are commanded to enter the suspected vehicle described in the Affidavit and there to search for the personal property described in the Affidavit and to seize same and to arrest and bring before me each suspected party named in the Affidavit.

An officer conducting the search testified that he did not read the warrant but relied on the affidavit attached to the warrant which described the location at Agarita Street. The person who typed the warrant testified that the warrants are on computer

and that she inadvertently left vehicle on the warrant instead of inserting the word premises.

### The Law

■ The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. Both the Texas Constitution and the Code of Criminal Procedure provide that a search warrant describe the place to be searched "as near as may be." TEX. CONST. art. 1, § 9; TEX.CODE CRIM.PROC. arts. 1.06, 18.04(2) (Vernon 1989). A valid search warrant must contain a description of the place to be searched. *Miller v. State*, 134 Tex.Crim. 118, 114 S.W.2d 244, 245 (1938).

■ It is also well settled law in Texas that the description contained in the affidavit limits and controls the description contained in the warrant. *Madrid v. State*, 595 S.W.2d 106, 107 (Tex.Crim.App.1979) *cert. denied*, 449 U.S. 848, 101 S.Ct. 134, 66 L.Ed.2d 58 (1980). *Cantu v. State*, 557 S.W.2d 107, 108–9 (Tex.Crim.App.1977).

> "... the warrant and the attached affidavit should be considered together as defining the place to be searched, but the description in the affidavit controls over the language of the warrant itself."

*State v. Saldivar*, 798 S.W.2d 872, 873 (Tex. App.—Austin 1990, pet. ref'd); *Riojas v. State*, 530 S.W.2d 298, 303 (Tex.Crim.App. 1975). When the affidavit is made a part of the warrant, the description of the premises contained in the affidavit can be used to aid the description found in the warrant. *Phenix v. State*, 488 S.W.2d 759, 764 (Tex.Crim. App.1972). In *Phenix*, the appellant alleged that the warrant failed to "describe with accuracy" the place to be searched. The court stated:

> The search warrant incorporates by reference the affidavit wherein the place to be searched is described with particularity. This would be sufficient to make the description of the place to be searched a part of the warrant itself.

*Id.* at 764. The *Phenix* court did not give any details regarding the affidavit or warrant, therefore, we are unable to tell if the description in the warrant was just vague or incorrect as is the case here.

None of the above cited cases are factually identical to this case. A close examination of those cases reveals that where the warrant was imprecise or unclear, the court referred to the attached affidavit which was more specific in its description of the place to be searched. However, none of the cases cited involved a situation in which the affidavit said one thing and the warrant said something entirely different, i.e., a house and a vehicle. Therefore, we turn to those cases discussing typographical errors in search warrants to resolve this issue.

■ Technical discrepancies in dates or times do not automatically invalidate a search warrant. *Green v. State,* 799 S.W.2d 756, 759 (Tex.Crim.App.1990); *Lyons v. State,* 503 S.W.2d 254, 255–56 (Tex.Crim.App. 1973). In *Green,* the Court of Criminal Appeals stated:

> When the question on appeal relates to descriptive facts supporting the probable cause determination, a reviewing court may logically look behind the warrant to the supporting affidavit. But, the same may not be said for all so-called 'technical defects' acknowledged by the State. Due to the nature of such errors, this court has held such defects to be cured by explanatory testimony. *See Rougeau, Lyons,* and *Martinez,* all supra. We have never held such defects are curable solely by reference to another document which is itself a part of the controversy....

*Id.* at 760. In *Green,* the dispute involved a date in the warrant. The State failed to offer any proof about the error. The trial court denied defendant's motion to suppress. The Court of Criminal Appeals reversed the trial court's order because the State had failed to offer evidence to corroborate the claim of typographical error. Although our case involves a discrepancy in the description of the place to be searched not a date or time we believe the reasoning in *Green* is applicable.

In this case, Garvene Adams testified that she prepared the application and affidavit for the search warrant and the warrant itself. She also testified that the warrant form was on the computer and that the warrant most previous to the one in question had been for a vehicle search. When the warrant form was printed she did not proof read the warrant and failed to change the word "vehicle" to "premises". Finally she testified that the difference between vehicle and premises in the warrant was a clerical error. Given the testimony of Garvene Adams, the court could have reasonably concluded that the discrepancy between vehicle and premises was an inadvertent clerical mistake and did not vitiate the search warrant. *See King v. State,* 856 S.W.2d 610, 613 (Tex.App.—Waco 1993).

■ Today's holding is also compelled by TEXAS CODE OF CRIMINAL PROCEDURE, Art. 38.23 which provides:

> (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case....
>
> (b) It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good-faith reliance upon a warrant issued by a neutral magistrate based on probable cause.

This provision is a codification of the United States Supreme Court's holding in *U.S. v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In *Leon,* the Supreme Court set forth the rule that "when law enforcement officers have acted in objective good faith or their transgressions have been minor, the magnitude of the benefit conferred on such guilty defendants (suppression of evidence) offends basic concepts of the criminal justice system." *Id.* at 908, 104 S.Ct. at 3412. The court also stated that "the exclusionary rule is designed to deter police misconduct rather than to punish errors of judges and magistrates" *Id.* at 916, 104 S.Ct. at 3417. In this case, excluding the evidence seized from the house on Agarita Street would not promote the purposes of the

Fourth Amendment. The officer made out an affidavit based upon probable cause. No one challenges the probable cause determination. The magistrate issued the search warrant based on the affidavit which was attached to and made a part of the warrant. The officer executing the warrant testified that he relied on the description contained in the affidavit. The description contained in the warrant was faulty because of a typographical error on the part of the person preparing the warrant. There was no evidence that this was anything other than an inadvertent mistake. It is not alleged that the wrong house was searched or that an innocent party was wrongly subjected to an illegal search.

■ Based upon *Phenix, Green, Leon* and Art. 38.23, all supra, we hold that when a search warrant contains a typographical error in the description of the place to be searched and the warrant incorporates the supporting affidavit which contains a correct description of the place to be searched, the trial court does not err in refusing to suppress the evidence seized during the search. We fail to see any Fourth Amendment benefit to be derived from suppressing this evidence. We overrule appellant's sole point of error.

The judgment is affirmed.