Opinion issued July 21, 2011.



In The

Court
of Appeals

For The

First
District of Texas

————————————

NO.
01-09-00942-CR

———————————

Wolfgang Fisher, Appellant

V.

State of Texas, Appellee



 



 

On Appeal from the County Criminal
Court at Law No. 12 

Harris County, Texas



Trial Court Case No. 159340801010

 



 

   MEMORANDUM
OPINION

          Appellant Wolfgang Fisher pled
guilty to the misdemeanor offense of cruelty to animals.  The trial court deferred adjudication for one
year and fined him $300.00.  Fisher now
contests the trial court’s denial of his pre-trial motion to suppress
evidence.  In two issues, the appellant
argues (1) that the evidence was seized pursuant to a facially invalid warrant
and (2) that the trial court erred in not suppressing the evidence pursuant to
Article 38.32(a) of the Texas Code of Criminal Procedure.

          We affirm.

                                                Background

          In
November, 2008, Christine Kendrick, a Harris County Deputy Constable assigned
to the Precinct 1 Animal Cruelty Unit, learned from an anonymous tip received
by the Houston SPCA that a very ill chimpanzee was housed in a garage in
Crosby, Texas. Accompanied by two SPCA employees, Deputy Kendrick went to
investigate and upon arrival at the address, could hear the chimpanzee
screaming as soon as she stepped from her car. 


          No one
answered the front door of the house, but from an open doorway of the garage could
be seen a caged chimpanzee sitting on a small shelf with his knees pulled up, making
hacking noises, vomiting and emitting screams that sounded like cries of human
distress.  The animal was emaciated and filthy,
with discharge running from his eyes and nose. 
Deputy Kendrick testified that she believed the chimp to be in extremis necessitating emergency care,
but her lack of familiarity with handling primates and concern about
communicable diseases dissuaded her from her desire to immediately remove the
animal herself.  Instead, she called the
Harris County Sheriff’s Department and, while a unit remained at the scene, went
to get a warrant.  A zoo veterinarian was
summoned to handle the animal.  

In the course of filling in
the blanks of a form affidavit and warrant[1]
Deputy Kendrick made some errors and tore it up, realizing too late that it was
her last form. The deputy then “borrowed” one of the SPCA investigator’s forms,
completed it and proceeded to court.  The
presiding judge signed the warrant and, once Deputy Kendrick made copies, she
returned with them to the house in Crosby, provided copies to the zoo
veterinarian and the SPCA personnel and posted a copy on the front door of the
residence.  The chimp was then sedated
and removed.  

Unknown to the deputy at the
time, the pre-printed affidavit and warrant forms that Deputy Kendrick had
filled out were identical to those forms she used in the course of her duties
with one important exception: they repeatedly recited Montgomery County, not
Harris County.  Deputy Kendrick testified
that she paid no attention to the pre-printed portions of the forms as she was
setting forth her hand-written descriptive information in the blanks provided
on the affidavit and warrant forms. 
Where the county, precinct number and court number were to be provided on
a blank line at the top right-hand corner of the warrant, she wrote in “Harris,”
as was her custom as a Harris County officer.  Deputy Kendrick testified that the judge, too,
must have failed to note the several printed “Montgomery County” references, as
he made no mention of it as he signed off on the warrant. She further
acknowledged that she only handles Harris County cases and that the use of
those forms reciting Montgomery County was a mistake.  In her findings of fact, the trial judge
found Deputy Kendrick’s testimony truthful and credible.

Analysis

          In both of his issues
appellant complains of the admission of evidence he  asserts was seized in violation of his
constitutional rights.  

A.  
Standard of
Review

We review a trial court’s decision in denying a motion
to suppress for an abuse of discretion under a bifurcated standard of review,
giving almost total deference to the trial court’s determination of historical
facts that depend on credibility.   See Balentine v. State, 71 S.W.3d 763,
768 (Tex. Crim. App. 2002); Carmouche v.
State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  This is especially true when the trial
court’s findings turn on evaluating a witness’s credibility and demeanor.  State
v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (en banc).   We give the same amount of deference to the
trial court’s ruling on mixed questions of law and fact when the question is
resolved by evaluating credibility and demeanor.  Id.
Only pure questions of law are considered de novo.  Id.  

When, as here, a trial court makes explicit findings
of fact, we determine whether the evidence, viewed in the light most favorable
to the trial court’s ruling, supports the findings.  See State v. Kelly, 204
S.W.3d 808, 818 (Tex. Crim. App. 2006). 
If the trial court’s ruling is reasonably supported by the record and is
correct on any theory of law applicable to the case, the reviewing court will
sustain it upon review.  Villarreal v. State, 935 S.W.2d 134, 138
(Tex. Crim. App. 1996) (en banc).  

B.   The Validity of the Search Warrant

In
his first and second issues, appellant contends that the trial court erred in
denying his motion to suppress evidence seized pursuant to a facially invalid
warrant. The warrant, signed by a Harris County justice of the peace, directed
Montgomery County peace officers to seize an animal located at a Harris County
address mistakenly labeled as a Montgomery County address.  While a Harris County officer both presented
the affidavit underlying the warrant and executed the warrant at the correct Harris
County address, appellant contends that Deputy Kendrick entered the premises
absent lawful authority and all evidence seized was the fruit of that unlawful
entry.  See  Tex. Code Crim. Proc. Ann. art.  38.23(a) (West 2005) (“No evidence obtained
by an officer or other person in violation of any provisions of the
Constitution or laws of the State of Texas, or of the Constitution or laws of
the United States of America, shall be admitted in evidence against the accused
on the trial of any criminal case.”).

1.    
Requirements
of a Search Warrant

The Texas Code of Criminal
Procedure provides:

A search warrant issued under this chapter shall be sufficient if it
contains the following requisites:

(1) that it run in the name of
the “State of Texas”; 

 

(2) that it identify, as near as
may be, that which is to be seized and name or describe, as near as may be, the
person, place, or thing to be searched;

 

(3) that it command any peace
officer of the proper county to search forthwith the person, place, or thing
named; and

 

(4) that it be dated and signed
by the magistrate.

See Tex. Code Crim. Proc. Ann. art. 
18.04 (West 2005).

2.     The Warrant

Here,
the fundamental dilemma stems from a pre-printed form that resulted in a
warrant authorized by a magistrate of one county (erroneously described in the
warrant as being from another county) directing officers from one county to
make a search and seizure at a location described to be in that county, but
actually in another county, and executed by officers of that other county.  

          The
face of the search warrant commanded officers of Montgomery County to seize
property at an address described to be in Montgomery County, but actually
located in Harris County.  The warrant
was subscribed by a Harris County justice of the peace above a signature line
identifying himself as “Justice of the Peace Montgomery County, Texas.”
Additionally, although directed to Montgomery County law enforcement, the
warrant was actually executed by Harris County officers. These being the facts
as they have come to us, that the warrant is facially invalid is a given.

          The
State presents ample authority for the proposition that inconsistencies in the
warrant that are typographical in nature do not operate to invalidate the
warrant.  See, e.g., Rougeau v. State,
738 S.W.2d 651, 663 (Tex. Crim. App. 1987), overruled
on other grounds, 784 S.W.2d 5 (Tex. Crim. App. 1989) (typographical error
indicating that arrest warrant was issued one year before offense did not
vitiate arrest warrant); Lyons v. State,
503 S.W.2d 254, 255–56 (Tex. Crim. App. 1973) (evidence seized pursuant to
search warrant containing typographical date error was admissible); Rios v. State, 901 S.W.2d 704, 707 (Tex.
App.—San Antonio 1995, no pet.)  (inaccurate
use of word “vehicle” in search warrant, rather than “premises,” did not
vitiate warrant where person who typed warrant testified that discrepancy was
due to clerical error).  However, these cases
speak to true typographical errors by the maker of the warrant who entered an
incorrect word or date. 

Vance v. State, 759 S.W.2d 498, 501 (Tex.
App.—San Antonio 1988, pet. ref’d), provides a closer measure of guidance to
the issues before us.  There, a warrant
on a pre-printed form for use in Bexar County, Texas, was altered by the
preparing officer for use in Guadalupe County by typing X’s through printed
references to Bexar County and the City of San Antonio and typing, as
interlineations, “Guadalupe County.”  Id. 
He made three such changes, but failed to alter the line near the top of
that warrant that directed it “TO THE SHERIFF OR ANY PEACE
OFFICER OF BEXAR COUNTY.”  The appellant
in that case contested the validity because it was directed to officers of a
different county.

          The San
Antonio court, noting the warrant was executed by two members of the Guadalupe
County Sheriff’s Office and three San Antonio police officers, and that a
proper return was made on the warrant, held that, “[c]onsidering the entire
warrant and the accompanying affidavit incorporated by reference therein,” the
failure to substitute Guadalupe County for Bexar County at the top of the
warrant “was not such a fatal defect that it contributed to either the
conviction or the punishment of the appellant.” 
Id.  

          Here, Deputy Kendrick conceded that she
never noticed the words on the pre-printed form that directed the warrant to a
Montgomery County officer, and made no attempt to change “Montgomery County” to
“Harris County.”  Indeed, the lone
mention of “Harris County” is hand-written immediately above a blank line
intended for insertion of the County’s name. 
Deputy Kendrick made clear that she did not write “Harris County” in an
attempt to alter the affidavit, but simply because, as a Harris County Deputy Constable,
it was her common practice in filling out the pre-printed affidavit forms to
insert “Harris” on that blank line of the affidavit.  She failed to notice that the remainder of
the form she had obtained from the SPCA representative had “Montgomery”
pre-printed in all the places her usual forms recited “Harris.”   

Vance is further instructive in that here the record reflects that
only Harris County officers participated in the chimpanzee’s seizure.  See
also, Dickey v. State, 816 S.W.2d 832, 834 (Tex. App.—Eastland 1991, no
pet.) (warrant addressed to peace officer of Galveston County for search of
location in Galveston County upheld, despite fact that affidavit was signed by
Houston police officer, where at least one of officers who participated in
search was deputy in Galveston County Sheriff’s Department).

We conclude that the warrant here, directed to
Montgomery County law enforcement officers, to seize an animal from premises
described in the warrant to be in Montgomery County was invalid to give Deputy
Kendrick, a Harris County law enforcement officer, authority to search and/or
seize property from a Harris County residence.


C.   The Good Faith Exception

Evidence
obtained under a defective warrant may still be valid, however, under the “good
faith” exception to Article 38.23.  See Tex.
Code Crim. Proc. Ann. art. 
38.23(b) (West 2005).  

1.     Statute

Pursuant
to Article 38.23(b), “[i]t is an exception to the provisions of Subsection (a)
of this Article that the evidence was obtained by a law enforcement officer
acting in objective good faith reliance upon a warrant issued by a neutral
magistrate based on probable cause.”  Id. Accordingly, evidence obtained by a
police officer acting in good faith reliance upon a warrant based upon a
magistrate’s determination of probable cause is not rendered inadmissible
because of a defect found in the warrant after its execution.  Dunn v.
State, 951 S.W.2d 478, 479 (Tex. Crim. App. 1997) (after warrant executed,
officers realized warrant had not been signed by magistrate, even though
magistrate meant to sign all 21 warrants); Jones
v. State, 914 S.W.2d 675, 677 (Tex. App.—Amarillo 1996, no pet.) (after warrant
executed, affiant-officer who executed warrant realized apartment number was
wrong).  

Under
its unambiguous language, the good faith exception requires an initial finding
of probable cause.  Curry v. State, 815 S.W.2d 263, 265 (Tex. App.—Houston [14th Dist.]
1991, no pet.)  Once this determination
has been made, article 38.23(b) is only implicated if the warrant is in some
way defective.  See Brochu v. State, 927 S.W.2d 745, 748–49 (Tex. App.—Houston
[14th Dist.] 1996, pet. ref’d) (warrant executed on misidentification); Brent v. State, 916 S.W.2d 34, 38 (Tex.
App.—Houston [1st Dist.] 1995, writ ref’d) (warrant valid despite absence of
affiant’s signature); Rios, 901
S.W.2d at 706–07 (warrant inadvertently identified place to be searched as
“vehicle” instead of “premises”).  The
statute requires that we assess the objective, and not the subjective, good
faith of the officer executing the warrant. 
Hunter v. State, 92 S.W.3d
596, 603 (Tex. App.—Waco 2002, pet. ref’d), overruled
on other grounds, 207 S.W.3d 787, 788 (Tex. Crim. App. 2006). Under Article
38.23(b), the affiant-officer who executed the warrant may explain defects in
the affidavit at the hearing on the motion to suppress. See Dunn, 951 S.W.2d at 479; Jones,
914 S.W.2d at 677; Rios, 901 S.W.2d
at 707; cf. U.S. v. Gordon, 901 F.2d 48, 50 (5th Cir.1990) (officer who
executed affidavit and was present when warrant was executed testified at
suppression hearing regarding mistake in street name). Under the unique, albeit
harried, circumstances of this particular case, an error in the warrant
description may be cured by facts known by the affiant-officer who is also the
executing officer.  2 Wayne R. LaFave, Search
and Seizure § 4.5(a) (3d ed. 1996); see,
e.g., Jones, 914 S.W.2d at 677; Rios, 901 S.W.2d at 707; Gordon, 901 F.2d at 50); Smith v. State, 962 S.W.2d 178, 187
(Tex. App.—Houston [1st Dist.] 1998, pet. ref’d) (O’Connor, J., concurring).

2.    
Application of Law to the Facts

          At appellant’s
motion to suppress hearing, Deputy Kendrick acknowledged that the pre-printed
sections of the warrant recited Montgomery rather than Harris County, thus
establishing the warrant’s defect.  She
testified as to having filled in blanks of the form affidavit and warrant without
noticing the warrant’s four recitations of Montgomery County.  She further testified that the presiding
judge signed the warrant immediately with no mention of the fact that it recited
Montgomery rather than Harris County.  Such testimony is sufficient to establish
Deputy Kendrick’s good faith in her reliance on the warrant.

          Moreover,
there is evidence to support that the warrant was issued on probable
cause.  The warrant was based on the
affidavit that Deputy Kendrick executed. 
This affidavit listed her observations as follows:

Deputy
C. Kendrick, 82027, observed a chimpanzee in a metal enclosure inside a
garage.  No water was available.  The enclosure was extremely dirty with the
floor covered with feces, vomit and trash. 
The chimpanzee is extremely ill, with lesions in the mouth, vomiting
continuously is thin and appears to be in respiratory distress.  The county attorney’s office will be notified.


 

Appellant has not challenged that this affidavit was
inadequate to provide the magistrate with probable cause to issue the
warrant.  Nor is the neutrality of the
magistrate challenged.   

          We are thus
compelled to conclude that the evidence obtained by Deputy Kendrick herein
falls squarely within the good faith exception to Article 38.23(b) in that the
evidence was obtained by a law enforcement officer acting in objective good
faith reliance upon a warrant issued by a neutral magistrate based on probable
cause.  See Tex. Code Crim. Proc.
Ann. art. 38.23(b).  Accordingly,
the trial court did not abuse its discretion by denying the motion to suppress the
evidence and appellant’s first and second issues are overruled.

Conclusion

          We affirm.

                             

                                                                   Jim Sharp

                                                                   Justice


 

Panel consists of Chief Justice
Radack and Justices Sharp and Brown.

Do not publish.   Tex. R. App. P. 47.2(b).

 

 











[1]           See
Tex. Health & Safety Code Ann. §
821.022 (West 2010) (authorizing
officer to apply for warrant to seize “cruelly treated” animal).