

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00228-CR

**FREDRICK VONSHA ROBERTSON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 15-04071-CRF-85

## MEMORANDUM OPINION

In two issues, appellant, Fredrick Vonsha Robertson, challenges his conviction for

unlawful possession with intent to deliver a controlled substance—cocaine—four grams

or more but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West

2017). Specifically, Robertson contends that the trial court erred by denying his motion

to suppress evidence due to the absence of probable cause to support a warrant to search

his residence and by denying his request for an article 38.23(a) jury instruction. *See* TEX.

CODE CRIM. PROC. ANN. art. 38.23(a) (West 2018). We reverse and remand.

## I. THE SEARCH WARRANT & SUPPORTING AFFIDAVIT

In his first issue, Robertson contends that the trial court erred by denying his

motion to suppress evidence due to the absence of probable cause to support a warrant

to search his residence.

## A. Standard of Review

"A trial court's ruling on a motion to suppress is reviewed for abuse of discretion."

*Kelly v. State*, 529 S.W.3d 504, 508 (Tex. App.—Texarkana 2017, no pet.) (citing *Oles v.

State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999)). In performing this review, we

generally use a bifurcated standard of review, affording deference to the trial court's

determination of historical facts and reviewing de novo the application of law to the facts.

*Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). However, when the question

before the trial court is whether probable cause supported the issuance of a search

warrant, as is the case here, the trial court does not make credibility determinations but

is instead limited to the four corners of the affidavit. *State v. McLain*, 337 S.W.3d 268, 271

(Tex. Crim. App. 2011) (citing *Hankins v. State*, 132 S.W.3d 380, 388 (Tex. Crim. App.

2004)). When we review a magistrate's decision to issue a warrant, we apply a highly-

deferential standard, and we will uphold the magistrate's probable-cause determination

as long as the magistrate had a substantial basis for determining that probable cause

existed.  *Illinois v. Gates*, 462 U.S. 213, 236, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983); *Swearingen v. State*, 143 S.W.3d 808, 810 (Tex. Crim. App. 2004).

"Probable cause exists when, under the totality of the circumstances, there is a 'fair probability' that contraband or evidence of a crime will be found at the specified location."  *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007) (citing *Gates*, 462 U.S. at 238, 103 S. Ct. 2317).  It is a 'flexible and nondemanding' standard."  *Id.* (citing 40 GEORGE W. DIX & ROBERT O. DAWSON, TEXAS PRACTICE:  CRIMINAL PRACTICE & PROCEDURE § 5.03 at 292 (2d ed. 2001)).  To justify the issuance of a search warrant, the affidavit in support thereof must set forth facts sufficient to establish probable cause:

> (1) that a specific offense has been committed, (2) that the specifically described property or items that are to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and (3) that the property or items constituting evidence to be searched for or seized are located at or on the particular person, place, or thing to be searched.

TEX. CODE CRIM. PROC. ANN. art. 18.01(c) (West Supp. 2018).

## B.    Discussion

In his motion to suppress, Robertson asserted that the affidavit in support of the search warrant stated that a confidential informant went to the address of 2408 Old Hearne Road—an address that is about a mile away from 2408 Old Kurten Road—and purchased cocaine from "Fred."  However, using this information, police obtained a search warrant for 2408 Old Kurten Road, the address of Robinson's residence.  After a

hearing, at which two witnesses testified, the trial court overruled Robertson's motion to suppress. The trial court then entered numerous findings of fact and conclusions of law.

In his affidavit in support of the complained-of search warrant, Bryan Police Officer Randell Hall stated the following:

1. There is in the City of Bryan, Brazos County, Texas, a suspected place and premises described and located as follows: 2408 Old Kurten Road, Bryan, Brazos County, Texas. Further described as a single story, white and gray framed house with a gray shingled roof. Also, in front of the house, at the curb, is a mailbox. "See Attached embedded photo."[1]

    . . .

2. The suspected place is in control of each of the following person or persons: Fredrick Vonsha Robertson, B/M and DOB: September 27, 1972.

3. It is the belief of affiant that at the above described premises is the following property or items: implements used in the commission of the offense of possession and delivery of a controlled substance, to wit: cocaine, drug paraphernalia and evidence of cocaine trafficking including but not limited to, scales, containers, packaging materials, sealing devices, as well as documentary, electronic and digitally stored records of sales receipts, purchases, customers and suppliers. . . .

4. Affiant has probable cause for said belief by reason of the following facts and circumstances . . .

    Within the past 72 hours, I [Officer Hall] was working in an under[cover] capacity. Within the past 72 hours, I conducted a controlled buy with the assistance of a Confidential Informant (CI). For the safety of the CI[,] they will not be named in this affidavit. This CI has assisted The Bryan Police Department in the past and had proven to be both credible and reliable. The CI came forward and stated that a black male who goes by the name of "Fred" was distributing cocaine from an address on Old Kurten Road in

---

[1] A photograph of Robertson's residence at 2408 Old Kurten Road was provided in both the affidavit and the search warrant.

Bryan[,] Texas. The CI's motivation was law enforcement related. I was familiar with the address and "Fred" due to a citizen coming forward recently who is a tax paying, employed resident of the City of Bryan who also has law enforcement motives, stated that a black male whose name is "Frederick Robertson" was selling narcotics within the City of Bryan at an address on Old Kurten Road. Based upon the prior knowledge provided to me, I had researched the name "Frederick Robertson". I discovered that "Frederick Robertson" is Frederick Vonsha Robertson Sr., B/M and date of birth September 27, 1972 (Said Suspected Party). He had a listed address is Bryan Police Department's record system of 2408 Old Hearne Road (Said Suspected Place). He also has this same listed address in the Brazos County Jail's system. A utilities check of 2408 Old Kurten Road via Bryan Texas Utilities also confirmed that the utilities are under the name of Frederick Robertson.

Within the past 72 hours, the CI agreed to make a controlled buy of cocaine from "Fred". I met the CI at a predetermined location and conducted a check of his person to insure [sic] that he was not concealing any narcotics on his person. The CI was then given a specific amount of Bryan Police Department imprest funds. The CI then went to the address of 2408 Old Hearne Road and purchased a quality [sic] of cocaine an [sic] exchange for the Bryan Police Department imprest funds from "Fred". While the CI was conducting the buy[,] surveillance was conducted. Officer Cottle[,] who is a member of the Bryan Police Department's Drug Enforcement Team[,] saw the male that the CI called "Fred" enter the front door of the house located at 2408 Old Hearne Road during the time of the purchase of cocaine. The CI then returned back to the location[;] upon his return[,] I recovered a usable amount of cocaine.

At the hearing on Robertson's motion to suppress, Officer Kyle Cottle of the Bryan Police Department testified that he was involved in the investigation of drug sales occurring on Old Kurten Road; that he observed the controlled buy that was referenced in Officer Hall's affidavit; and that the controlled buy took place at 2408 Old Kurten Road,

not Old Hearne Road.[2] Officer Cottle emphasized that the reference to Old Hearne Road was a discrepancy and that the affidavit should have read 2408 Old Kurten Road at all times. Moreover, according to Officer Cottle, no law-enforcement activity was conducted at 2408 Old Hearne Road.

In its findings of fact, the trial court stated the following:

15. The Court finds that, based on the four corners of the affidavit, the magistrate who issued the search warrant could have reasonably inferred that the informant who made the buy observed the defendant in possession of cocaine at his house at 2408 Old Kurten Road within 72 hours of the date the affidavit was sworn to:

- The affiant particularly described the place to be searched as 2408 Old Kurten Road, Bryan, Brazos County, Texas and described it as a single story, white and gray framed house with a gray shingled roof and included a photo of the house located at 2408 Old Kurten Road.

- A CI came forward and stated that a black male who goes by the name of "Fred" was distributing cocaine from an address on Old Kurten Road in Bryan[,] Texas.

- An employed resident of the City of Bryan stated that a black male whose name is "Frederick Robertson" was selling narcotics within the City of Bryan at an address on Old Kurten Road.

- A utilities check of 2408 Old Kurten Road via Bryan Texas Utilities also confirmed that the utilities are under the name of Frederick Robertson.

- Within the past 72 hours, the CI agreed to make a controlled buy of cocaine from "Fred," and Officer Cottle observed that controlled buy.

---

[2] Officer Kyle Cottle of the Bryan Police Department noted that, in preparation for trial, he drove to the 2408 Old Hearne Road address and discovered an open field with horses grazing.

16. The Court also finds that any reference to "Hearne" in the affidavit was a clerical error.

17. The Court finds that the facts contained in the affidavit in support of the search warrant for 2408 Old Kurten Road set forth probable cause that would justify its search.

As mentioned above, in reviewing the sufficiency of an affidavit to support a search warrant, the trial court is generally limited to that which is contained within the four corners of the affidavit. *See McLain*, 337 S.W.3d at 271. However, courts are "instructed not to analyze the affidavit in a hyper-technical manner." *Id.* (noting the deferential standard is consistent with the constitutional preference for a warrant); *see Rodriguez*, 232 S.W.3d at 61 ("Thus, when an appellate court reviews an issuing magistrate's determination, that court should interpret the affidavit in a commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences. When in doubt, we defer to all reasonable inferences that the magistrate could have made." (internal footnotes & citations omitted)); *see also State v. Duarte*, 389 S.W.3d 349, 354-55 (Tex. Crim. App. 2012) (noting that the focus is not on what other facts could or should have been included in the affidavit; the focus is on the combined logical force of facts that are in the affidavit).

Furthermore, the Court of Criminal Appeals has held that technical defects in a warrant may be cured by explanatory testimony at the suppression hearing that shows the error is merely a technical or clerical error. *Green v. State*, 799 S.W.2d 756, 759 (Tex.

Crim. App. 1990) (holding that "purely *technical* discrepancies in dates or times do not automatically vitiate the validity of search or arrest warrants" (emphasis in original)). Other courts have likewise extended the rationale in *Green* to apply to typographical errors in supporting affidavits. *See Somoza v. State*, 481 S.W.3d 693, 703 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *see also State v. Deleon*, Nos. 07-17-00193-CR & 07-17-00194-CR, 2018 Tex. App. LEXIS 833, at **6-7 (Tex. App.—Amarillo Jan. 30, 3018, no pet.) (mem. op., not designated for publication) (per curiam); *State v. Welborn*, No. 02-14-00464-CR, 2015 Tex. App. LEXIS 8001, at **7-8 (Tex. App.—Fort Worth July 30, 2015, pet. ref'd) (mem. op., not designated for publication), *cert. denied*, *Welborn v. Tex.*, 136 S. Ct. 1672, 194 L. Ed. 768 (2016).

In the instant case, we find sufficient evidence in the record to support the trial court's conclusion that the use of "Hearne" in the supporting affidavit was a clerical error and did not serve to undermine probable cause to issue a warrant to search 2408 Old Kurten Road. The majority of the affidavit referenced the property to be searched—2408 Old Kurten Road—and both the affidavit and search warrant contained photographs of the place to be searched—Robertson's residence at 2408 Old Kurten Road. The affidavit also mentioned the confidential informant, as well as another Bryan citizen, who notified law enforcement that Robertson was selling narcotics on Old Kurten Road. A utilities check confirmed that 2408 Old Kurten Road was Robertson's residence. Furthermore, in explaining the clerical error, Officer Cottle testified that he observed the controlled buy

and that the controlled buy took place at 2408 Old Kurten Road, not 2408 Old Hearne Road. *See Green*, 799 S.W.2d at 759 (providing that technical defects in a warrant may be cured by explanatory testimony at the suppression hearing explaining that the error was clerical); *Somoza*, 481 S.W.3d at 703 (extending the *Green* rationale to affidavits supporting search warrants); *see also Bonds v. State*, 403 S.W.3d 867, 876 (Tex. Crim. App. 2013) (noting that an ambiguity between common descriptive factors of a manufactured home labeled 401 Barker and the residence actually searched was resolved by the officer's personal knowledge of the location and the residence intended to be searched); *Lee v. State*, No. 14-04-00398-CR, 2005 Tex. App. LEXIS 7927, at *10 (Tex. App.—Houston [14th Dist.] Sept. 29, 2005, pet. ref'd) (mem. op., not designated for publication) ("When viewed in its entirety, the description adequately identifies, as near as possible, the location of the residence and was sufficient to overcome the incorrect numerical address. Combined with the executing officer's personal knowledge, the warrant satisfied the constitutional and statutory objectives of requiring a *particular* description of the place to be searched." (emphasis in original)).

Therefore, interpreting the supporting affidavit in a commonsensical and realistic manner, we cannot say that the trial court erred by concluding that the usage of "Hearne" in the supporting affidavit was a clerical error. *See Duarte*, 389 S.W.3d at 354-55; *McLain*, 337 S.W.3d at 271; *Rodriguez*, 232 S.W.3d at 61; *Green*, 799 S.W.2d at 759; *Somoza*, 481 S.W.3d at 703; *see also Strange v. State*, 446 S.W.3d 567, 572-73 (Tex. App.—Texarkana 2014,

no pet.) (concluding that the trial court did not err by admitting evidence seized during the search of a single-family habitation when the affidavit supporting the search warrant provided with particularity the place to be searched, but the search warrant itself contained a clerical error authorizing the search of a vehicle); *Rios v. State*, 901 S.W.2d 706-07 (Tex. App.—San Antonio 1995, no pet.) (concluding that a discrepancy between an affidavit, which described a residence and not a vehicle, and the warrant, which incorporated the affidavit but commanded the search of "the suspected vehicle," to be an obvious clerical error that did not invalidate the search warrant for the residence). Moreover, we further conclude that the trial court did not err by denying Robertson's motion to suppress and by admitting the evidence seized during the search. *See* TEX. CODE CRIM. PROC. ANN. art. 18.01(c); *Gates*, 462 U.S. at 238, 103 S. Ct. 2317; *Rodriguez*, 232 S.W.3d at 60; *see also Valtierra*, 310 S.W.3d at 447; *Swearingen*, 143 S.W.3d at 810. We overrule his first issue.

## II.    ROBERTSON'S REQUEST FOR ARTICLE 38.23 JURY INSTRUCTIONS

In his second issue, Robertson contends that the trial court erred by denying his requested jury instructions under article 38.23(a) of the Code of Criminal Procedure because the evidence raised a fact question about whether officers had probable cause and conducted a search prior to the issuance of the search warrant.

### A.    Applicable Law

A claim of jury-charge error is reviewed using the procedure set out in *Almanza*. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). The first step is to determine whether there is error in the charge. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). "Then, if we find error, we analyze that error for harm." *Id.* (citing *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003)).

In the instant case, Robertson argues that the trial court erred by not including article 38.23(a) instructions in the charge. Article 38.23(a) provides the following:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or law of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a). In *Madden*, the Court of Criminal Appeals stated that a defendant's right to the submission of jury instructions under article 38.23(a) is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509-10 (Tex. Crim. App. 2007). Specifically, the *Madden* court mentioned the following:

> There are three requirements that a defendant must meet before he is entitled to the submission of a jury instruction under Article 38.23(a):

(1) The evidence heard by the jury must raise an issue of fact;

(2) The evidence on that fact must be affirmatively contested; and

(3) That contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence.

There must be a genuine dispute about a material fact. If there is no disputed factual issue, the legality of the conduct is determined by the trial judge alone, as a question of law. And if other facts, not in dispute, are sufficient to support the lawfulness of the challenged conduct, then the disputed fact issue is not submitted to the jury because it is not material to the ultimate admissibility of the evidence. The disputed fact must be an essential one in deciding the lawfulness of the challenged conduct.

*Id.* at 510-11.

**B.    Discussion**

In the instant case, Robertson proffered two proposed jury instructions regarding the search warrant. In his first argument in this issue, Robertson contends that he should have received an article 38.23(a) instruction in the charge as to the clerical error in the affidavit supporting the search warrant. Because we hold that the warrant was sufficiently supported by the affidavit and that, as a matter of law, the warrant was sufficient to conduct the search, Robertson was not entitled to an instruction in the charge, as argued in the first subpart of this issue. Thus, we overrule that portion of Robertson's second issue.

In the second of the two proposed jury instructions, Robertson argued that he was entitled to an article 38.23(a) instruction because his father, Howard Davenport, testified

that he saw police officers searching the residence at 2408 Old Kurten Road prior to the issuance of the search warrant when he went to a local McDonald's to meet friends. As such, Robertson contended that the search was warrantless and presumptively unreasonable.

Specifically, regarding the alleged premature search, Robertson directs us to the following exchange:

| | |
|---|---|
| Q [Defense Counsel]: | Okay. And so what time do y'all meet there [McDonald's]? |
| A [Davenport]: | Well, basically whenever we get there. About 9:00, 9:15. We get there and drink coffee, eat breakfast. |
| Q: | Okay. I'll represent to you that the day that Fredrick's house on Kurten Road was searched was April 29th of 2014. Did you go to the McDonald's on that day? |
| A: | Yes, I did. |
| Q: | So did you see the police at the house? |
| A: | Yes. |
| . . . | |
| Q: | Okay. So, did you see police at Fredrick's house on Old Kurten Road on your way up to the McDonald's or on the way back? |
| A: | On my way up there. |

Later, Davenport testified that he saw one police officer inside the house and one outside the house at the time he was on his way to McDonald's.

First, we address the State's contention that this complaint was not preserved because the proposed instruction did not include an application paragraph requiring the jury to decide a disputed factual issue. The Court of Criminal Appeals has stated that article 36.15 of the Code of Criminal Procedure does not require a proposed jury instruction in perfect form. *Chapman v. State*, 921 S.W.2d 694, 695 (Tex. Crim. App. 1996) (citing TEX. CODE CRIM. PROC. ANN. art. 36.15 (West 2006)). Instead, "the requested charge must only be sufficient to call the trial court's attention to the omission in the court's charge." *Id.* In the instant case, Robertson proffered several proposed jury instructions alerting the trial court to the purported necessity of an article 38.23(a) instruction based on Davenport's testimony. In light of article 36.15 and *Chapman*, we hold the above-described efforts were enough to preserve this issue. *See* TEX. CODE CRIM. PROC. ANN. art. 36.15; *see also Chapman*, 921 S.W.2d at 695.

Next, we address whether Robertson raised a disputed fact issue necessitating an article 38.23(a) instruction. It is well settled that a defendant has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the evidence. *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999); *see Mendoza v. State*, 88 S.W.3d 236, 239 (Tex. Crim. App. 2002). To raise a disputed

fact issue warranting an article 38.23(a) jury instruction, there must be some affirmative evidence that puts the existence of that fact into question. *Madden*, 242 S.W.3d at 513. This factual dispute can be raised only by affirmative evidence, not by mere cross-examination questions or argument. *See Oursbourn v. State*, 259 S.W.3d 159, 177 (Tex. Crim. App. 2008). Further, mere insinuations by a defendant's attorney on cross examination do not raise a fact issue. *See Garza v. State*, 126 S.W.3d 79, 87 (Tex. Crim. App. 2004).

As shown above, Robertson proffered evidence during his case-in-chief that raised a material fact issue as to whether the search was executed prior to the issuance of the warrant. Indeed, defense counsel represented the date the search warrant was executed and asked whether Davenport saw police at Robertson's house when Davenport went to his daily meeting at McDonald's at 9:00 or 9:15 that morning. Davenport answered in the affirmative and noted that he saw police inside and outside of Robertson's residence at this time. The record also demonstrated that the search warrant was signed at 11:42 a.m. on April 29, 2014. This exchange is enough to raise a material, disputed fact issue as to whether the search was executed prematurely and possibly in violation of the Fourth Amendment of the United States Constitution. *See Oursbourn*, 259 S.W.3d at 177; *Madden*, 242 S.W.3d at 513; *Mendoza*, 88 S.W.3d at 239; *Granger*, 3 S.W.3d at 38; *see also* TEX. CODE CRIM. PROC. ANN. art. 38.23(a). Accordingly, we find that the trial court erred by refusing to include an article 38.23(a) instruction in the charge. *See* TEX. CODE CRIM. PROC. ANN.

art. 38.23(a); *see also Totten v. State*, 570 S.W.3d 387, 389 (Tex. App.—Houston [1st Dist.] 2019, no pet.) ("Noting that the 'terms of the statute [article 38.23] are mandatory,' the Court of Criminal Appeals has held that 'when an issue of fact is raised, a defendant has a statutory right to have the jury charged accordingly.'" (quoting *Madden*, 242 S.W.3d at 510)).

Having found that the trial court erred by refusing Robertson's request for an article 38.23(a) instruction on this ground, we must now analyze harm. In the instant case, Robertson objected to the trial court's refusal to include an article 38.23(a) instruction in the charge. Because Robertson properly preserved error in the jury charge, reversal is required if we find "some harm" to his rights. *See Almanza*, 686 S.W.2d at 171. In conducting our review for "some harm," neither Robertson nor the State bears the burden on appeal to show harm or lack thereof. *Rogers v. State*, 550 S.W.3d 190, 191 (Tex. Crim. App. 2018). Instead, this Court must examine the relevant portions of the entire record, including the entire jury charge, the state of the evidence, arguments of counsel, and other relevant record information, to determine whether Robertson suffered actual, as opposed to theoretical, harm as a result of the error. *Id.* at 192. This evaluation is case-specific. *Id.*

Despite the fact that the record indicates that the possible premature execution of the search warrant was one of the central issues at trial, the jury charge does not contain an article 38.23(a) instruction or any reference to the possible premature execution of the

search warrant, which, if true, would have rendered the search warrantless and presumptively unreasonable given that the State offered no evidence of any exception to the warrant requirement. *See Minnesota v. Dickerson*, 508 U.S. 366, 372, 113 S. Ct. 2130, 2135, 124 L. Ed. 2d 334 (1993) (noting that, under the Fourth Amendment, a warrantless search is unreasonable per se, unless it fits within one of a few specifically established exceptions); *see also State v. Rodriguez*, 521 S.W.3d 1, 10 (Tex. Crim. App. 2010) (stating that the established exceptions include the consent exception, the exigency exception, the automobile exception, the search-incident-to-arrest exception, and the special needs exception). Additionally, the State's evidence at trial solely consisted of that which was obtained as a result of the search and the connection between Robertson and where the controlled substances and drug paraphernalia were found. And despite references in the search-warrant affidavit to eyewitnesses who purchased drugs from Robertson at his residence, the State did not present eyewitness testimony showing Robertson's possession or conduct indicating his possession of controlled substances or drug paraphernalia separate and apart from the fruits of the search of Robertson's residence. Furthermore, the State's closing argument focused mostly on what was found at Robertson's residence after the execution of the search warrant.

The majority of the harm factors discussed in *Rogers* weigh in favor of a finding that Robertson suffered some harm in the absence of the requested article 38.23(a) instruction. *See* 550 S.W.3d at 192. Had the trial court submitted a proper charge

regarding article 38.23(a), the jury could have excluded the controlled substances and drug paraphernalia found at Robertson's residence if they had a reasonable doubt that the evidence was obtained in violation of the law.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a).  Moreover, without considering this highly incriminating evidence, the jury might have chosen to believe Robertson's plea of "not guilty," especially considering the bulk of the State's case relied on the fruits of the search of Robertson's residence. Accordingly, we conclude that the trial court's error in failing to include an article 38.23(a) instruction caused some harm to Robertson.  *See Rogers*, 550 S.W.3d at 192; *see also Almanza*, 686 S.W.2d at 171.  As such, we sustain the remainder of Robertson's second issue.

## III.    CONCLUSION

Because we have concluded that the trial court erred by failing to include an article 38.23(a) instruction in the jury charge, and because we have further concluded that Robertson suffered some harm from the error, we reverse the judgment of the trial court and remand the cause for a new trial.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Reversed and remanded
Opinion delivered and filed January 8, 2020
Do not publish
[CR25]

